■ In the Matter of PUBLIC EDUCATION ASSOCIATION, Appellant, v BOARD OF EXAMINERS OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. — In a proceeding pursuant to CPLR article 78 in which petitioner seeks, *inter alia,* access to validity studies and job analyses prepared in connection with certain specified examinations, petitioner appeals from so much of a judgment of the Supreme Court, Kings County (Pino, J.), entered July 14, 1981, as denied it access to said materials. Judgment affirmed insofar as appealed from, with $50 costs and disbursements. Respondents acted properly in refusing to disclose the requested material (Public Officers Law, § 87, subd 2, par [g]; *Matter of McAulay v Board of Educ.,* 61 AD2d 1048, affd 48 NY2d 659; *Matter of Miracle Mile Assoc. v Yudelson,* 68 AD2d 176, mot for lv to app den 48 NY2d 706). Damiani, J. P., Thompson and O'Connor, JJ., concur.

Mangano, J., dissents to the extent that he would allow petitioner access to the job analyses and would otherwise affirm, with the following memorandum: After an *in camera* examination of a job analysis, I have determined that it does not constitute examination questions and answers, nor is it part of the deliberative process of the agency. The job analysis is the final product of the agency, which lists the skills deemed necessary to properly teach various disciplines. Consequently, the job analyses are properly subject to disclosure under subdivision 2 of section 87 of the Public Officers Law.