■ In the Matter of 124 FERRY STREET REALTY CORP., Respondent-Appellant, v WILLIAM C. HENNESSY, as Commissioner of the New York State Department of Transportation, et al., Appellants-Respondents. — Cross appeals from orders of the Supreme Court at Special Term (Conway, J.), entered February 25, 1980 in Albany County, which (1) ordered the matter transferred to a Trial Term to determine the fair market value of the premises at issue and denied petitioner's application for disclosure of appraisal reports, and (2) denied respondents' motion for reargument. On November 21, 1968, the State of New York permanently appropriated for highway purposes petitioner's business premises in the City of Troy, New York. Subsequently, on October 16, 1979,

respondent Commissioner of the Department of Transportation notified petitioner that the proposed Troy North-South Arterial project had been abandoned and that petitioner could consequently reacquire the appropriated property for $239,000. Finding this asking price to be excessive, petitioner argued that, under subdivision 18 of section 30 of the Highway Law as re-enacted in 1977 (see L 1977, ch 840, § 40) and EDPL 406 (subd [A]), the State must offer to resell the property first to its former owner at its fair market value. Accordingly, petitioner offered $155,000 as the fair market value of the premises, and further requested permission, pursuant to the Freedom of Information Law (Public Officers Law, art 6), to examine the appraisal reports and data used by the respondent commissioner in arriving at the price of $239,000. Respondents countered that their asking price was proper, that the law applicable to this matter was subdivision 18 of section 30 of the Highway Law as it existed prior to its 1977 re-enactment, and that this earlier statute permitted the State to sell appropriated property on terms beneficial to it and without regard to the EDPL which had an effective date of July 1, 1978 (EDPL 709). They also denied the request to examine the appraisal reports and related data on the ground that the subject information was nondisclosable under section 87 (subd 2, par [g]) of the Public Officers Law. With these circumstances prevailing, petitioner commenced the instant proceeding wherein it seeks the annulment of respondents' asking price of $239,000 and a direction that respondents' appraisals and related data should be disclosed to petitioner. By order dated January 31, 1980, Special Term denied petitioner's application to obtain the appraisals and related data, and, finding that a triable issue of fact existed as to the fair market value of the subject premises, transferred the proceeding to a Trial Term of the Supreme Court, Albany County, for an immediate hearing. Respondents now appeal from that portion of the court's order which transferred the proceeding for a trial and also from the denial, on February 19, 1980, of their motion for reargument. Petitioner cross-appeals from so much of the order as denied it access to the appraisal reports and data. Considering initially the question of whether the State must offer the subject property to petitioner at the amount of its fair market value or whether the State can merely dispose of the premises on terms beneficial to it, we conclude that the decisive date is that upon which the State actually abandoned the project for which the property was acquired. The effective date of EDPL 406 (subd [A]), which requires that a former fee owner of property acquired for a State project which is abandoned within 10 years of the taking be offered the opportunity to repurchase the property at its fair market value and to which any resale of acquired property under subdivision 18 of section 30 of the Highway Law, as re-enacted in 1977, is made subject by the express terms of the latter statute, was July 1, 1978. Accordingly, if the project for which petitioner's property was acquired was abandoned after July 1, 1978, and also within 10 years of the date on which the property was appropriated, then the provisions of the re-enacted subdivision 18 of section 30 of the Highway Law and of EDPL 406 (subd [A]) are controlling and petitioner is entitled to repurchase the property at its fair market value. If, however, the project was abandoned before July 1, 1978 or the abandonment did not occur within 10 years of the appropriation, then the provisions of EDPL 406 (subd [A]) are by its express terms inapplicable to the State's disposition of the property, and the State may dispose of the premises on terms beneficial to it and without offering the same to petitioner at its fair market value. We find no indication that the Legislature intended EDPL 406 to apply retroactively to abandonments occurring before July 1, 1978, particularly since the statute was enacted in 1977 (see L 1977, ch 839, § 1) and had a postponed effective date (see *Matter of Deutsch v Catherwood,* 31 NY2d 487; see, also, *Becker v*

*Huss Co.,* 43 NY2d 527). Under these circumstances, a ruling as to the propriety of transferring this matter to a Trial Term for a hearing as to the property's fair market value hinges directly upon the date upon which the State abandoned the Troy North-South Arterial project. Since this date cannot be precisely determined upon the present record, however, this matter must be remitted to Special Term for such a determination. Lastly, we find that the court properly denied petitioner's application for disclosure of the appraisal reports and related data. These reports and data clearly constitute intra-agency materials containing expert opinions rendered for the State's use, and access thereto may be denied under section 87 (subd 2, par [g]) of the Public Officers Law. Order dated January 31, 1980, modified, on the law, by staying the first decretal paragraph thereof pending a determination as to the date upon which the Troy North-South Arterial project was abandoned, and matter remitted to Special Term for such determination, and, as so modified, affirmed, without costs. Appeal from order dated February 19, 1980, which denied respondents' motion for reargument, dismissed, without costs. Main, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.