In the Matter of SEA CREST CONSTRUCTION CORP., Respondent-Appellant, v H. D. STUBING, as Commissioner of Public Works of the Town of North Hempstead, et al., Appellants-Respondents; LEONARD S. WEGMAN CO., INC., Intervenor-Appellant-Respondent.

Second Department, August 31, 1981

#### APPEARANCES OF COUNSEL

*Joseph A. Guarino, Town Attorney (Howard M. Sinnott, II, pro se* of counsel), for appellants-respondents.

*Doran, Buckley, Kremer, O'Reilly & Pieper (James G. Marsh* of counsel), for intervenor-appellant-respondent.

*McDonough Marcus Cohn & Tretter, P. C. (Alan Levy* of counsel), for respondent-appellant.

#### OPINION OF THE COURT

MANGANO, J.

Petitioner commenced this CPLR article 78 proceeding to compel disclosure of certain records maintained by the Commissioner of Public Works of the Town of North Hempstead (hereinafter the town), pursuant to the New York

Freedom of Information Law (Public Officers Law, art 6). Petitioner seeks access to all correspondence between the town and its architects and engineers, specifically Leonard S. Wegman Co., Inc. (hereinafter Wegman) in connection with the town's public improvement project known as the Seven Point Program.

Pursuant to a contract entered into between the town and Wegman on April 10, 1973, the latter was designated a "consultant", and was to serve as "the Town's professional representative in the planning and professional inspection of the construction of the Project and [was to] give consultation and advice to the Town during the performance of its services". Wegman's duties included preparing preliminary engineering studies, reports and plans, making periodic visits to the site to observe work in progress, providing reports to the town, keeping the town informed of any delays in construction and the reasons therefor, disapproving the work of those contractors failing to conform to specifications, reviewing contractors' applications for payment and recommending approval of payment to the contractors. Petitioner, Sea Crest Construction Corp., was subsequently granted a contract by the town to perform work on the project as a general contractor.

In July, 1979 petitioner served a demand on the town, pursuant to the Freedom of Information Law, requesting, *inter alia*, examination of "[c]orrespondence between the Town of North Hempstead and the architects and engineers of the subject project." Access to those materials was denied by the records access officer for the department of public works on the ground that such correspondence was confidential in nature. Petitioner appealed the determination to the Town Attorney, who affirmed the denial on the grounds that it was material prepared for possible litigation and that it was confidential material. The instant CPLR article 78 proceeding was commenced in September of 1979. In response to the petition, the town and Wegman (which simultaneously made a motion for leave to intervene) argued against disclosure asserting, *inter alia*, that the materials sought were prepared for litigation and, as such, were exempt from disclosure under section 87 (subd 2, par [a]) of the Public Officers Law and CPLR 3101

(subd [d]). They also maintained that the correspondence was intra-agency material, and thus exempt under section 87 (subd 2, par [g]) of the Public Officers Law. Special Term disposed of the second issue by stating that Wegman did not fall within the definition of "agency" as it is set forth in subdivision 3 of section 86 of the Public Officers Law. However, it recognized that some of the documents might be exempt as material prepared for litigation. As such, the court ordered production of the materials for an *in camera* inspection to determine which were exempt under section 87 (subd 2, par [a]) of the Public Officers Law as read in conjunction with CPLR 3101 (subd [d]). Upon such inspection, the court concluded that eight documents, plus one letter annexed to one document, were immune from discovery. The court ordered disclosure of the remaining documents, and in addition granted Wegman's motion for leave to intervene.

The town and Wegman now appeal from so much of the judgment as ordered production of the documents. Petitioner cross-appeals from so much of the judgment as found the eight documents and one letter to be immune. Initially we find that Special Term's determination regarding the materials prepared for litigation was proper, and as such, those materials deemed immune under that exemption are not discoverable (see *Matter of Westchester Rockland Newspapers v Mosczydlowski*, 58 AD2d 234). However, we also find that the requested correspondence, prepared by a consultant, does fall within the exemption for intra-agency materials and as such is exempt from discovery, provided the materials are not "i. statistical or factual tabulations or data; ii. instructions to staff that affect the public; or iii. final agency policy or determinations" (Public Officers Law, § 87, subd 2, par [g]). Although this issue has not been previously decided by the courts in New York, the Federal courts have held communications between agencies and their outside consultants and experts to be intra-agency materials under the Federal Freedom of Information Act (US Code, tit 5, § 552). Since many of the provisions of the New York Freedom of Information Law, including the exemption at issue here, were patterned after the Federal analogue (see US Code,

tit 5, § 552, subd [b], par [5]), Federal case law on the scope of this exemption is instructive (see *Matter of Fink v Lefkowitz*, 47 NY2d 567, 572). In the recent case of *Ryan v Department of Justice* (617 F2d 781), the court stated that the purpose of the exemption was to protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision makers. Recognizing that an agency often needs to rely on the opinions and recommendations of temporary consultants as well as its own employees, and that such consultations are an integral part of its deliberative process, the court noted (pp 789-790) that to conduct this process in public view would inhibit frank discussion of policy matters and likely impair the quality of decisions. The court (p 790) stressed the fact that efficient government operation requires open discussions among all government policy makers and advisors, whether those giving advice are officially part of the agency or are solicited to give advice only for specific projects, and concluded that "[w]hen an agency record is submitted by outside consultants as part of the deliberative process, and it was solicited by the agency, we find it entirely reasonable to deem the resulting document to be an 'intra-agency' memorandum for purposes of determining the applicability of Exemption 5." As the court stated (p 790), "[t]his common sense interpretation of 'intra-agency' to accommodate the realities of the typical agency deliberative process" has been followed in prior cases (see, e.g., *Wu v National Endowment for Humanities*, 460 F2d 1030, 1032, cert den 410 US 926; *Soucie v David*, 448 F2d 1067, 1078, n 44).

In accordance with the holdings and rationale of Federal case law, we similarly deem the correspondence between the town and its consultant in the instant case to be intra-agency documents for the purpose of the Freedom of Information Law. We note that the fact that Wegman was designated a "consultant" in its contract is not determinative of the question here involved. Rather, it is the actual function served by the outside party which must be considered in deciding whether the communications are encompassed by the intra-agency exemption of the Freedom of Information Law. In finding that the materials herein

are subject to that exemption, the matter must be remitted to Special Term for a further *in camera* inspection of the documents to determine which, if any, are (1) statistical or factual tabulations or data, (2) instructions to staff that affect the public, or (3) final agency policy or determinations, and, as such, would be discoverable.

HOPKINS, J. P., MARGETT and THOMPSON, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered June 4, 1980, modified, on the law, by deleting the second, third and fourth decretal paragraphs, and substituting therefor a provision granting the petition to the extent that documents on the document list dated March 27, 1980, numbered 82, 92, 93, 104, 108, 115, 119, 126 and a letter dated August 6, 1979 annexed to document 122 are immune from discovery. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.