■ In the Matter of JOHN SHORT, Respondent-Appellant, v BOARD OF MANAGERS OF THE NASSAU COUNTY MEDICAL CENTER, Appellant-Respondent. — In a proceeding pursuant to CPLR article 78 to compel the Board of Managers of the Nassau County Medical Center to grant petitioner access to certain records, the parties cross-appeal from a judgment of the Supreme Court, Nassau County (Smith, J.), entered February 27, 1981, which permitted petitioner access to certain but not all, of the documents requested. Judgment affirmed, without costs or disbursements. The request for disclosure of the medical records — 29 in number — was properly granted. (See Public Officers Law, § 89, subd 2, par [c], cl i; cf. *Matter of Kryston v Board of Educ.,* 77 AD2d 896.) The Board of Managers of the Nassau County Medical Center (board) has not satisfied its burden of showing that the records are exempt from disclosure. Subdivision 2 of section 136 of the Social Services Law is inapplicable because the board has not shown, or even alleged, that the records contain information obtained by an employee of the County Department of Social Services. The physician-patient prohibition against disclosure (CPLR 4504, subd [a]), also relied on by the board, has its statutory limitations. (See *Matter of Schulman v New York City Health & Hosps. Corp.,* 44 AD2d 482, affd 38 NY2d 234.) It is inapplicable in cases such as this, where a request for access to medical records is made under the Freedom of Information Law, identifying details are deleted, and there is no possibility that the identity of the patients will be known (Public Officers Law, § 87, subd 2; § 89, subd 2, par [c], cl i). Access to a memorandum was properly denied. It is uncontroverted that the memorandum is material prepared for litigation (see Public Officers Law, § 87, subd 2, par [a]; CPLR 3101, subd [d]; *Matter of Westchester Rockland Newspapers v Mosczydlowski,* 58 AD2d 234; *Matter of Sea Crest Constr. Corp. v Stubing,* 82 AD2d 546). Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.