■ STATE OF NEW YORK, Appellant, v 124 FERRY STREET REALTY CORP., Respondent. (And Another Related Action.) — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered October 16, 1980 in Albany County, which denied plaintiff's motion for summary judgment and severance. On November 21, 1968, the State of New York permanently appropriated for highway purposes defendant's business premises in the City of Troy, New York. Defendant continued to occupy the premises and in December, 1974 accepted the terms of a permit for the use of the property which provided for the payment of rent at a rate of $2,500 per month. This permit also provided that defendant would be "responsible for any repairs, improvements or maintenance work of any kind on the property" and that, absent cancellation, the lease would be automatically renewed for successive terms of one month each. The lease has not been canceled and defendant continues to occupy the premises. In March, 1979, a default judgment was entered in favor of the State and against defendant for certain rent allegedly due in 1977. On April 30, 1979, the State commenced another action against defendant for rent allegedly due for April, 1979 and all subsequent months, as well as for back water rents. Defendant subsequently moved to vacate the default judgment entered in March, 1979 and the State cross-moved for an order allowing the default judgment *nunc pro tunc* and for summary judgment on its complaint for rent due for April, 1979 and all subsequent months. By order dated June 13, 1980 Special Term granted defendant's motion to vacate the default judgment, denied the State's motion for summary judgment and granted the State permission to amend its complaint. No appeal was taken from this order. The State thereafter amended its complaint alleging in its first cause of action rents due for the months of October, 1978 through the month of June, 1980. In its answer, defendant alleged as affirmative defenses that the rent allegedly due was unconscionable and that the State failed to dispose of the property according to the laws of New York State and to negotiate in good faith with defendant concerning a resale of the property. The State made a motion for summary judgment on its first cause of action which was denied by Special Term on the ground that the same issues had previously been considered and resolved in the order dated June 13, 1980 and since no appeal was taken from that order the doctrine of the "law of the case" precluded a different result on the subsequent motion. This appeal ensued. In view of the fact that the doctrine of the "law of the case" has no binding force on appeal (*Martin v City of Cohoes*, 37 NY2d 162, 165), we need not now consider the propriety of Special Term's reliance on that doctrine in denying the State's motion for summary judgment but will proceed directly to a consideration of the issues on the merits. Defendant maintains as an affirmative defense that the premises have substantially deteriorated and, therefore, the rent claimed is unconscionable. The permit provides, however, in unambiguous terms that defendant is responsible for any repairs, improvements or maintenance work of any kind. In addition, defendant has not alleged an absence of a meaningful choice on its part together with contract terms unreasonably favorable to the State (see *Matter of State of New York v Avco Fin. Serv. of N.Y.*, 50 NY2d 383, 389). Consequently, we conclude that this affirmative defense was insufficient to defeat the State's motion for summary judgment. Concerning defendant's affirmative defense that the State failed to dispose of the property in accordance with New York State law and refused to negotiate in good faith with defendant for the resale of the property, the relevant statute apparently relied upon is EDPL 406. This statute provides, in pertinent part, that: "If, within ten years after the acquisition of a fee owner condemnee's property in fee, the condemnor shall abandon the project for which the property was acquired

* * * the condemnor shall not dispose of the property or any portion thereof for private use without first offering such former fee owner a right of first refusal to purchase the property at the amount of the fair market value of such property at the time of such offer" (EDPL 406, subd [A]). By letter dated October 16, 1978, the State informed defendant that the project for which its parcel was acquired was abandoned and defendant could buy the property back at a price of $239,000. Defendant commenced an article 78 proceeding seeking a determination that the State was asking more than the fair market value of the property in violation of EDPL 406 (subd [A]). The proceeding, to this point, has left unresolved the question of whether this statute is applicable in the present case (*Matter of 124 Ferry St. Realty Corp. v Hennessy,* 82 AD2d 981). Even if the statute is found applicable, we are of the view that the State's negotiations for the resale of the premises to defendant would not preclude the State from collecting the rent due from defendant. While the statute gives defendant a right of first refusal to purchase the property, it does not require the State to sell the property. The right of first refusal only arises prior to the sale of the property by the State. There is no reversionary interest in defendant and the State could continue to own the property without disposing of it for private use (*Matter of City of New York [Consolidated Gas Co. of N. Y.],* 190 NY 350; 19 NY Jur, Eminent Domain, § 67, p 268). Accordingly, we also find this affirmative defense insufficient to defeat the State's motion for summary judgment. The order, therefore, must be reversed and the State's motion granted. Order reversed, on the law, and motion granted, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.