■ In the Matter of LEONARD B. AUSTIN et al., Respondents, v FRANCIS T. PURCELL, as County Executive of the County of Nassau, et al., Appellants. — In a proceeding pursuant to CPLR article 78, the appeal is from a judgment of the Supreme Court, Nassau County (Velsor, J.), dated July 14, 1983, which directed that the appellants furnish petitioners access to a particular document, pursuant to section 87 of the Public Officers Law. ¶ Judgment reversed, on the law, with costs, and proceeding dismissed on the merits. ¶ The appellant County of Nassau retained independent counsel to evaluate the possibility of recovery in a particular civil lawsuit. Counsel submitted a written report to the County Attorney, and appellant Purcell announced that on the basis of the

report the county had decided not to pursue the particular litigation. Purcell related that counsel had concluded that there was no reasonable likelihood of success and that such litigation would be costly and time consuming. The county has never released the text of the report and there has been no further comment with respect to its contents. ¶ Petitioner Austin demanded access to the report pursuant to the Freedom of Information Law (Public Officers Law, art 6), but the demand was denied by the County Attorney. Petitioners thereupon commenced the instant proceeding, *inter alia,* to compel the county to release the report. Special Term granted this relief, reasoning that Purcell's discussion of the substance of the report constituted a waiver of the attorney-client privilege, thereby making an otherwise confidential document subject to the disclosure requirements of the Freedom of Information Law. ¶ Although the general policy of the Freedom of Information Law is one of disclosure (see *Matter of Fink v Lefkowitz,* 47 NY2d 567; Public Officers Law, § 84), there are certain limited exceptions to its requirements. It is incumbent upon the authority seeking to withhold a public record to establish that it falls within one of the exemptions (see *Matter of Doolan v Board of Coop. Educational Servs.,* 48 NY2d 341). We agree with Special Term that the document in question is not "specifically exempted from disclosure by state or federal statute" (Public Officers Law, § 87, subd 2, par [a]). ¶ Special Term, however, erred in holding that the document in question is not intra-agency material which is exempt from disclosure (see Public Officers Law, § 87, subd 2, par [g]). Consultant's reports are treated as intra-agency material, even though prepared by an extragovernmental entity (see *Matter of Sea Crest Constr. Corp. v Stubing,* 82 AD2d 546), and therefore are exempt from disclosure unless they fall within one of the three exceptions to the exemption for intra-agency material: ¶ "[1] statistical or factual tabulations or data; [2] instructions to staff that affect the public; and [3] final agency policy or determinations" (Public Officers Law, § 87, subd 2, par [g]). ¶ At oral argument this court was furnished, upon the consent of all parties, with a copy of the document in question for the purpose of making an *in camera* examination (see *Kheel v Ravitch,* 62 NY2d 1, 7-8). We conclude from such examination that the materials contained therein do not fall within any of the three exceptions to the exemption. Mangano, J. P., Bracken and Weinstein, JJ., concur.

O'Connor, J., concurs in the result, with the following memorandum: An examination of the document in question indicates rather clearly that the materials contained therein do not fall within any of the three exceptions set forth in section 87 (subd 2, par [g]) of the Public Officers Law and I therefore concur with my confreres of the majority that Special Term erred in its finding that the document is not intra-agency material which is exempt from disclosure. That issue was long ago decided by this court in *Matter of Sea Crest Constr. Corp. v Stubing* (82 AD2d 546). ¶ Moreover, in my opinion, to compel disclosure of the contents of this communication between the appellants and their attorneys would do violence to the entire purpose and intent of CPLR 4503. Special Term found that the document falls clearly within the attorney-client privilege of that section and none of the parties challenge or contest that conclusion. ¶ The issue, therefore, is whether appellants waived the protection of the statute. ¶ Let us take a quick look at the background of the case. ¶ In December, 1982 the appellant County of Nassau retained special outside counsel to report on the feasibility of civil recovery under the Federal RICO statute (Racketeer Influenced and Corrupt Organizations Title of the Federal Organized Crime Control Act of 1970) from various insurance brokers who shared in commissions paid to the county's former broker of record. The research and conclusions of counsel were incorporated in a 13-page, single-spaced, approximately 4,300-word written report buttressed by seven pages of

footnotes, which was hand-delivered to the Nassau County Attorney. ¶ It should be noted that although the report was never made public by the appellants, its substance has been reported by at least two daily newspapers. Nevertheless, there is not a scintilla of evidence in the record to indicate that the appellants in any way were responsible for the disclosure to the press and hence, at least on that score, there was no waiver by them. Pursuant to the terms of the statute, only the client can waive the privilege (CPLR 4503). ¶ The claim of waiver is predicated primarily upon the premise that by issuing a one-page press release, the appellants have waived the privilege as to the entire report. Let us therefore examine that press release. It embraces a single page, consists of four short paragraphs and contains approximately 200 words. It is apparent that the language of the release was chosen with caution and care and its sum and substance is severely restricted to listing conclusions of counsel, to wit: (1) the applicability of the RICO statute is uncertain, (2) no reasonable likelihood of success, and (3) the litigation would be costly and time consuming. ¶ These broad general conclusory statements can hardly be construed as an authorization for the release of the total contents of an in-depth, complex analysis of a difficult and involved legal problem. To rule otherwise would play havoc indeed with the attorney-client relationship and, under the facts before us, would hardly serve the public interest. ¶ I therefore conclude that the privilege has not been waived and this confidential communication is further protected from disclosure as an attorney's work product under CPLR 3101 (subd [c]), as well as the Freedom of Information Law (see Public Officers Law, § 87, subd 2, par [a]; *Matter of Westchester Rockland Newspapers v Mosczydlowski*, 58 AD2d 234).