■ In the Matter of XEROX CORPORATION, Respondent, v TOWN OF WEBSTER et al., Appellants. — Judgment unanimously modified, on the law, by deleting the first adjudging paragraph and, as modified, affirmed, without costs. Memorandum: As part of its underlying article 7 of the Real Property Tax Law proceeding, petitioner seeks certain prior appraisal reports prepared by an outside appraisal firm hired by the Town of Webster. Its request for access to these reports under the discovery provisions of the CPLR has previously been denied (*Matter of Xerox Corp. v Sanger*, 104 AD2d 720). When the instant request, pursuant to article 6 of the Public Officers Law (Freedom of Information Law), was rejected by the town under section 87 (subd 2, par [a]) of that law, this CPLR article 78 proceeding ensued. Finding that the town had failed to meet its burden of showing that the appraisal reports fell within the statutory exemption, Special Term ordered disclosure of the reports. We reverse.

The Freedom of Information Law exempts from disclosure records which "are inter-agency or intra-agency materials which are not:

"i. statistical or factual tabulations or data;

"ii. instructions to staff that affect the public; or

"iii. final agency policy or determinations" (Public Officers Law, § 87, subd 2, par [g]).

While "intra-agency" is nowhere defined, it has been held, and we agree, that "[T]he purpose of the exemption was to protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their

opinions freely to agency decision makers", where " 'an agency record is submitted by outside consultants as part of the deliberative process, and it was solicited by the agency, we find it entirely reasonable to deem the resulting document to be an "intra-agency" memorandum' " (*Matter of Sea Crest Constr. Corp. v Stubing,* 82 AD2d 546, 549, quoting *Ryan v Department of Justice,* 617 F2d 781, 790).

New York cases hold that predecisional reports which "provide necessary advice and recommendations to aid the agency in carrying out its functions", as opposed to final agency determinations or policy, are exempt from disclosure (*Kheel v Ravitch,* 93 AD2d 422, 427, affd 62 NY2d 1; *Sinicropi v County of Nassau,* 76 AD2d 832, mot for lv to app den 51 NY2d 704; *Matter of McAulay v Board of Educ.,* 61 AD2d 1048, affd 48 NY2d 659). In accord with this view, courts have permitted access to agency reports, insofar as they contain factual material, while denying access to those portions of the report containing opinions and recommendations (see, e.g., *Ingram v Axelrod,* 90 AD2d 568).

With these principles in mind, we conclude that appraisal reports prepared by an outside consultant to assist the agency in its final determination of value are "intra-agency" materials exempt from disclosure (in accord, see *Matter of 124 Ferry St. Realty Corp. v Hennessy,* 82 AD2d 981, 983).

Petitioner's reliance upon our decision in *Matter of Niagara Environmental Action v City of Niagara Falls* (100 AD2d 742, affd 63 NY2d 651) is misplaced. The sole issue there was the exemption for materials "specifically exempted from disclosure by state or federal statute" (Public Officers Law, § 87, subd 2, par [a]). The "intra-agency" exemption was not raised by the parties nor considered by the court. (Appeal from judgment of Supreme Court, Monroe County, Galloway, J. — art 78.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.