OPINION OF THE COURT
Per Curiam.
Opinions and recommendations that would, if prepared by agency employees, be exempt from disclosure under the Free *132 dom of Information Law (FOIL) as “intra-agency materials” (Public Officers Law § 87 [2] [g]), do not lose their exempt status simply because they are prepared for the agency, at its request, by an outside consultant.
Appellant commenced this article 78 proceeding to review the determinations of respondents denying access under FOIL to requested documents, including real estate appraisal reports prepared for respondents by a private consulting firm in connection with possible revaluation of appellant’s property after new construction. Special Term granted the petition and directed respondents to make the requested documents available. The Appellate Division modified, agreeing with respondents that the appraisal reports were “intra-agency materials” exempt from disclosure under section 87 (2) (g) of the Public Officers Law.
Appellant urges, first, that section 51 of the General Municipal Law, establishing general principles for access to public records, requires disclosure of the requested documents notwithstanding the exemptions specified in FOIL. Such a result would nullify the FOIL exemptions, which the Legislature — presumably aware of General Municipal Law § 51 at the time it enacted FOIL — could not have intended. To give effect to both statutes, the FOIL exemptions must be read as having engrafted, as a matter of public policy, certain limitations on the disclosure of otherwise accessible records.
Appellant’s arguments under FOIL center on the fact that the appraisal reports were prepared by an outside consultant, rather than an agency itself, and thus by definition are said to fall outside the exemption for “intra-agency materials” (Public Officers Law § 87 [2] [g]). Appellant contends, further, that even if the reports could be considered agency materials, they are the consultant’s final product and subject to disclosure as a final determination (Public Officers Law § 87 [2] [g] [iii]), and that the agency’s decision not to revalue the property frees the reports for disclosure.
Opinions and recommendations prepared by agency personnel may be exempt from disclosure under FOIL as “predecisional material, prepared to assist an agency decision maker * * * in arriving at his decision” (Matter of McAulay v Board of Educ., 61 AD2d 1048, affd 48 NY2d 659). Such material is exempt “to protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision makers” (Matter of Sea Crest Constr. Corp. v Stubing, 82 AD2d 546, 549).
*133 In connection with their deliberative process agencies may at times require opinions and recommendations from outside consultants. It would make little sense to protect the deliberative process when such reports are prepared by agency employees yet deny this protection when reports are prepared for the same purpose by outside consultants retained by agencies. Accordingly, we hold that records may be considered “intra-agency material” even though prepared by an outside consultant at the behest of an agency as part of the agency’s deliberative process (see, Matter of Sea Crest Constr. Corp. v Stubing, 82 AD2d 546, 549, supra; Matter of 124 Ferry St. Realty Corp. v Hennessy, 82 AD2d 981, 983).
The final determination being that of respondents to take no action with respect to property revaluation, the consultant’s opinion or recommendation cannot be considered a final agency determination subject to disclosure under section 87 (2) (g) (iii) of the Public Officers Law. Similarly, the fact that respondents ultimately took no action does not divest the reports of their quality as “intra-agency materials,” since FOIL protects against disclosure of predecisional memoranda or other nonfinal recommendations, whether or not action is taken (see, e.g., Matter of Kheel v Ravitch, 93 AD2d 422, 427-429, affd 62 NY2d 1; Sinicropi v County of Nassau, 76 AD2d 832, lv denied 51 NY2d 704; Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176, lv denied 48 NY2d 706; Matter of McAulay v Board of Educ., 61 AD2d 1048, affd 48 NY2d 659, supra).
While the reports in principle may be exempt from disclosure, on this record — which contains only the barest description of them — we cannot determine whether the documents in fact fall wholly within the scope of FOIL’S exemption for “intra-agency materials,” as claimed by respondents. To the extent the reports contain “statistical or factual tabulations or data” (Public Officers Law § 87 [2] [g] [i]), or other material subject to production, they should be redacted and made available to appellant. Since it does not appear that either court below reviewed the reports to make such a determination, the matter must be remitted to permit an in camera inspection.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in Per Curiam opinion.
*134 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.