DeMARIA BUILDING COMPANY, INC v DEPARTMENT OF
MANAGEMENT AND BUDGET

Docket No. 92466. Submitted January 20, 1987, at Lansing. Decided
April 22, 1987.

DeMaria Building Company, Inc., brought an action in the Oak-
land Circuit Court seeking, under the Freedom of Information
Act (FOIA), to compel the Michigan Department of Management
and Budget and Department of Attorney General to disclose a
consultant's report prepared by an independent consultant for
the defendants. The trial court, Robert C. Anderson, J., issued
an order requiring production of the documents under the FOIA.
Defendants appeal.

The Court of Appeals *held:*

1. Section 13(1)(n) of the FOIA does not provide an exemption
from disclosure of an outside consultant's report to a public
body.

2. The definition of public body does not include outside
consultants employed by the state. Thus the consultant's report
does not come within § 13(1)(n) as a communication with or
between a public body or bodies.

Affirmed.

1. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS —
OUTSIDE CONSULTANTS.

The Freedom of Information Act does not provide an exemption

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 15-29, 32-46.

Who has standing to seek access to agency information under
Freedom of Information Act. 82 ALR Fed 248.

What are "records" of agency which must be made available under
the Freedom of Information Act (5 USCS § 552(a)(3)). 50 ALR Fed
336.

What constitutes an agency subject to application of state Freedom
of Information Act. 27 ALR4th 742.

What constitutes personal matters exempt from disclosure by inva-
sion of privacy exemption under state Freedom of Information
Act. 26 ALR4th 666.

See also the annotations in the Index to Annotations under Free-
dom of Information Acts.

from disclosure of an outside consultant's report to a public body (MCL 15.243[1][n]; MSA 4.1801[13][1][n]).

2. RECORDS — FREEDOM OF INFORMATION ACT — WORDS AND PHRASES — PUBLIC BODY.

The Freedom of Information Act's definition of "public body" does not include outside consultants employed by the state (MCL 15.232[b]; MSA 4.1801[2][b]).

3. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS.

Exemptions to the Freedom of Information Act are to be narrowly construed and the burden of proof is on the party claiming exemption from disclosure.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *D. Douglas McGraw* and *Gregory C. Hamilton*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Susan Peck Iannotti* and *Theodore E. Hughes,* Assistant Attorneys General, for defendants.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

SAWYER, J. Plaintiff instituted an action under the Freedom of Information Act (FOIA) to compel defendants to disclose a consultant's report prepared by an independent consultant for defendants. The trial court granted disclosure and defendants now appeal.

Plaintiff was awarded a contract by the State of Michigan for construction work at Saginaw Valley State College. Problems developed during the project and cost overruns were incurred. Plaintiff has not been compensated for costs over the contract price. The state retained the construction consult-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing firm of Wagner-Hohns-Inglis, Inc., to conduct an independent inspection and evaluation of the construction project.

Plaintiff was requested by the state to cooperate with Wagner in the investigation and plaintiff was allegedly promised a copy of Wagner's report. However, the report was not furnished, leading to the present FOIA proceeding. The attorney general denied the FOIA request, citing the exemption contained in MCL 15.243(1)(n); MSA 4.1801(13)(1)(n).

We are presented with a question of first impression, namely, whether § 13(1)(n) of the FOIA provides for exemption from disclosure of an outside consultant's report to a public body.[1] That section provides in pertinent part:

(1) A public body may exempt from disclosure as a public record under this act:

* * *

(n) Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption shall not apply unless the public body shows that in the particular instance the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure.

In determining whether the consultant's report comes within the above exemption as a communication with or between a public body or bodies, we

---

[1] We are not faced with the question of the equity of the state's refusing to deliver a copy of the report to plaintiff after promising to do so in exchange for plaintiff's cooperation in Wagner's investigation. We decline to speculate on whether this could give plaintiff a basis for relief outside of the FOIA.

must begin with the definition of a public body. Section 2(b) of the act[2] defines it as follows:

> "Public body" means:
>
> (i) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the state government, but does not include the governor or lieutenant governor, the executive office of the governor or lieutenant governor, or employees thereof.
>
> (ii) An agency, board, commission, or council in the legislative branch of the state government.
>
> (iii) A county, city, township, village, intercounty, intercity, or regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency thereof.
>
> (iv) Any other body which is created by state or local authority or which is primarily funded by or through state or local authority.
>
> (v) The judiciary, including the office of the county clerk and employees thereof when acting in the capacity of clerk to the circuit court, is not included in the definition of public body.

The definition does not include outside consultants employed by the state.

Exemptions to the FOIA are narrowly construed and the burden of proof is on the party claiming exemption from disclosure. *The Evening News Ass'n v City of Troy,* 417 Mich 481; 339 NW2d 421 (1983); *Milford v Gilb,* 148 Mich App 778; 384 NW2d 786 (1985). Defendants urge us to follow the decision of the New York Supreme Court, Appellate Division, in *Sea Crest Construction Corp v H D Stubing,* 82 AD2d 546; 442 NYS2d 130 (1981), which interpreted the analogous New York FOIA

---

[2] MCL 15.232(b); MSA 4.1801(2)(b).

exemption provision as including communications from independent consultants to a public body.

Defendants advance strong public policy arguments as to why the reports of independent consultants to a public body should be accorded the same status as reports generated within the public body itself. However, the statute does not provide for such an exemption. While we would urge the Legislature to take up this issue and consider an appropriate amendment to the FOIA, for us to interpret this statute as providing for an exemption in this case would be to ignore the clear directive of the Supreme Court to narrowly construe the exemption provisions of the act and to abandon the role of the judiciary in order to usurp the prerogatives of the Legislature. This we will not do.

Accordingly, we interpret the provisions of § 13(1)(n) as not providing for exemption from disclosure of communications of independent consultants to a public body.

Affirmed. No costs, a public question.