■ In the Matter of LENNY DURIO, Appellant, v ROSEANN B. MACKECHNIE, Respondent. [610 NYS2d 844] —In a proceeding pursuant to CPLR article 78 to compel the District Attorney of Kings County to disclose certain documents pursuant to the Freedom of Information Law, the petitioner appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated April 16, 1992, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the petition is granted to the extent that the respondent is directed to comply with the petitioner's request, subject to the redaction of such information as the Supreme Court, Kings County, after an in camera inspection, shall determine to be exempt from disclosure in accordance herewith; and it is further,

Ordered that the proceeding is remitted to the Supreme Court, Kings County, for the purpose of conducting such an in camera inspection, and for further proceedings consistent herewith.

Assuming, without deciding, that the exemption from disclosure reflected in CPLR 3101 (d) may, under certain circumstances, operate so as to restrict the scope of the disclosure which must be made pursuant to the Freedom of Information Law (see, Public Officers Law § 87 [1] [a]; see also, Matter of Short v Board of Mgrs., 85 AD2d 606, revd on other grounds 57 NY2d 399; Matter of Westchester-Rockland Newspapers v Mosczydlowski, 58 AD2d 234; Matter of Niagara Envtl. Action v City of Niagara Falls, 100 AD2d 742, affd 63 NY2d 651; Matter of Sea Crest Constr. Corp. v Stubing, 82 AD2d 546; cf., Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75), we conclude that that exemption, which in any event is not absolute (see, e.g., Dunning v Shell Oil Co., 57

AD2d 16; *Hoffman v Ro-San Manor,* 73 AD2d 207), does not prohibit the disclosure sought by the petitioner in the particular circumstances of this case. The petitioner has demonstrated a "substantial need" (CPLR 3101 [d] [2]) for the materials requested, so that the terms of CPLR 3101 (d) do not constitute an absolute bar to their production. However, the respondent has established the potential applicability of other statutory exemptions *(see,* Public Officers Law § 87 [2] [b], [e] [iv]), and we conclude that an in camera inspection of the materials requested is therefore warranted.

In a post-submission affirmation improperly addressed to this Court (22 NYCRR 670.19 [i]), the People argued that the petitioner's appeal had become moot, at least in part. We decline to review this argument which, in any event, may be made before the Supreme Court in conjunction with the in camera inspection *(see, Johnson v Johnson Chem. Co.,* 183 AD2d 64, 74, n).* Bracken, J. P., Balletta, O'Brien and Pizzuto, JJ., concur.