■ SERGIO HERNANDEZ, Respondent, v OFFICE OF THE MAYOR OF THE CITY OF NEW YORK, Appellant. [955 NYS2d 7]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered December 6, 2011, granting the petition brought pursuant to CPLR article 78 seeking to annul a determination of respondent Office of the Mayor of the City of New York, dated January 26, 2011, which denied petitioner's requests under the Freedom of Information Law (FOIL) for certain email messages sent from or received by any government email accounts assigned to the Office of the Mayor

to or from Cathleen Black, at the time she was a nominee for the position of New York City School Chancellor, or any email address ending with the domain name of the company that employed her, to the extent of directing respondent to produce redacted copies of such emails, and directing the parties to appear for a conference on the issue of attorney's fees and costs, unanimously affirmed, without costs.

The motion court properly directed respondent to disclose the redacted emails, which are not exempt from disclosure as inter- or intra-agency materials (Public Officers Law § 87 [2] [g]). Black was not an agent of the City since she had not yet been retained as Chancellor (*cf. Matter of Sea Crest Constr. Corp. v Stubing*, 82 AD2d 546 [2d Dept 1981]). Further, Black was not acting simply as an outside consultant on behalf of the City, but was a private citizen with interests that may have diverged from those of the City (*see Matter of Tuck-It-Away Assoc., L.P. v Empire State Dev. Corp.*, 54 AD3d 154, 163 [1st Dept 2008]; *see also Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652 [2012]; *cf. Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131 [1985]).

Costs and attorney's fees should be decided by the motion court in the first instance. Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ.