■ In the Matter of MARY McAULAY, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the disclosure of certain documents relating to petitioner's employment as a teacher, the appeal is from a judgment of the Supreme Court, Kings County, entered March 24, 1977, which granted the application and denied a cross motion to dismiss the proceeding. Judgment reversed, on the law, without costs or disbursements, cross motion granted, and petition dismissed on the merits. The petitioner teacher seeks disclosure, pursuant to the Freedom of Information Law (Public Officers Law, art 6), of documents prepared by or for a hearing panel which heard her appeal from an unsatisfactory rating. On the basis of the evidence gathered by the panel, the Chancellor sustained the appeal, reversed the unsatisfactory rating and ordered it expunged from her records. The Chancellor issued no written opinion. The documents sought by petitioner include, *inter alia,* those setting forth the panel's evaluation of the facts and issues, and its recommendations and reasoning. Special Term granted the petition. We reverse. The Freedom of Information Law, as recently amended (L 1977, ch 933, eff Jan. 1, 1978), specifically exempts intra- and inter-agency materials which are not: statistical or factual tabulations or data; instructions to staff that affect the public; or final agency policy or determination (Public Officers Law, § 87, subd 2, par [g]). Petitioner contends that the subject documents represent the application of agency policy and rules to a specific case and that to deny disclosure would allow appellants to perpetuate their tradition of maintaining a body of "secret agency law" in this area. Appellants, on the other hand, contend that the subject documents represent precisely the kind of predecisional information which is prepared in order to assist the decision-making process and, hence, exempt from disclosure. We agree with appellants. The hearing panel documents or report sought are not final agency determinations or policy. Rather, they are predecisional material, prepared to assist an agency decision maker (here, the Chancellor) in arriving at his decision. Only the latter has the legal authority to decide whether the rating should stand. The panel's recommendations and reasoning are not binding upon him and there is no evidence that he adopts its reasoning as his own when he adopts its conclusion. Petitioner's desire to bring to light the policies and rules governing the appellants' evaluation of what constitutes a satisfactory teacher is commendable. However, the real problem here, considering the administrative process set up in the appellant board's by-laws, is the absence of any obligation upon the Chancellor to explain his decisions. The Freedom of Information Law does not require an agency to develop a body of written law or policy. Nor does it permit us to substitute therefor a compilation of nonfinal recommendations which may be based upon reasoning rejected or never adopted by the ultimate decision maker, the disclosure of which might not only impinge upon the agency's predecisional processes, but affirmatively mislead the public. We note, too, that our holding today

accords with, and is in large part based upon, decisional law interpreting the Federal Freedom of Information Act (US Code, tit 5, § 552), upon which our statute is patterned (see *Renegotiation Bd. v Grumman Aircraft,* 421 US 168; *National Labor Relations Bd. v Sears, Roebuck & Co.,* 421 US 132). Titone, J. P., Rabin, Gulotta and Margett, JJ., concur.