OPINION OF THE COURT
Anthony J. Ferraro, J.
Petitioner makes this application pursuant to CPLR article 78 to obtain access to certan documents under the authority of article 6 of the Public Officers Law commonly referred to as the Freedom of Information Law.
Petitioner is a member of the Westchester Hockey Officials Association. The association is the local organization which certifies available officials for interscholastic ice hockey games to the office of the director of interscholastic athletics for distribution to the nine schools in Westchester and Putnam Counties. The office of interscholastic athletics was formed in 1960 to handle the function of assigning officials to games. This office set up a rating system to aid them in their assignments. The system involved having officials rated for each game at which they officiate by the coaches and other officials working the same game. By agreement between the coaches and officials, the name and *261 school of the coach or official making the rating is not to be disclosed.
Petitioner officiated at varsity level games during the school years commencing in 1976 and 1977 but was thereafter assigned only to junior varsity games. He now seeks to inspect the individual rating sheets prepared by the coaches and his fellow officials.
It appears that the rating sheets prepared by fellow officials have already been provided to petitioner so that the only issue remaining on this application is whether petitioner is entitled to the individual rating sheets prepared by the high school coaches.
These ratings are prepared by the coaches and sent to the office of interscholastic athletics. They are nothing more than interagency documents which fall within the exception of materials disclosable under the Freedom of Information Law (Public Officers Law, § 87, subd 2, par [g]). This exception was enacted to foster open and candid discussion among public officials and to protect uninhibited recommendations, made within the family, from being scrutinized by those affected and by the public. A revelation of the ratings would disrupt the deliberative process of the agencies involved and be injurious to their consultative functions. The ratings are made to assist in a selective process, not in a statistical one. (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176; Matter of Delaney v Del Bello, 62 AD2d 281; Matter of McAulay v Board ofEduc., 61 AD2d 1048, affd 48 NY2d 659.)
Petitioner has personally acknowledged the propriety of not disclosing the rating reports. By letter dated January 6,1977, petitioner wrote to respondent, “We agree that it is preferable that individual officials not see their rating reports.”
It is not only preferable but imperative that the individual ratings remain private because disclosure would be extremely detrimental to the public interest. A public dissemination of the ratings would temper an honest and free evaluation with fear of reprisals and animosity and deter a proper decision. (United States v Nixon, 418 US 683.)
*262 In the instant case the rating process provides useful advisory opinions which would become meaningless or nonexistent if the cloak of confidentiality were to be removed. The coaches and officials would hesitate to participate in any rating process which would be made public and any rating made under such circumstances would reflect more concern for its public acceptance than for its actual truth. The inevitable result would be an interference with the true sportsmanship of scholastic events and a detrimental impact upon the public’s interest and participation in public high school functions. The potential harm to the public interest far outweighs any possible benefit to the single participant. If disclosure is more harmful to the public than nondisclosure is harmful to the person seeking the information, the scales of justice must tip toward nondisclosure. (Cirale v 80 Pine St. Corp., 35 NY2d 113.) Public welfare is more important than public knowledge. The right to know cannot be allowed to eclipse the right to enjoy sporting events (Delaney v Del Bello, supra).
The application is denied and the petition is dismissed.