■ In the Matter of BUFFALO NEWS, Appellant, v BUFFALO MUNICIPAL HOUSING AUTHORITY et al., Respondents, and LOCAL 264, AFSCME, et al., Intervenors-Respondents.—Order unanimously modified on the law and as modified affirmed with costs to petitioner against respondent Buffalo Municipal Housing Authority, in accordance with the following memorandum: In this CPLR article 78 proceeding, petitioner, The Buffalo News, appeals from the denial of its request, pursuant to the Freedom of Information Law (FOIL; Public Officers Law art 6), for access to employee payroll records and disciplinary records of respondent, Buffalo Municipal Housing Authority. It was error for Supreme Court to deny petitioner access to respondent's employee earning records. FOIL imposes a broad standard of open disclosure upon government agencies and all records are presumptively available for public inspection and copying unless they fall within one of FOIL's eight exemptions *(see, Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 79-80). The statutory exemptions are to be narrowly interpreted and the burden lies upon the

agency to show that the requested material falls squarely within the statutory exemption *(see, Matter of Fink v Lefkowitz,* 47 NY2d 567, 571). Respondent contends that the payroll records are exempt from production under Public Officers Law § 87 (2) (b), which protects disclosure of material which, if disclosed, would constitute an unwarranted invasion of personal privacy under Public Officers Law § 89 (2) (b) (iv).

To establish this exemption, it must be shown that the disclosure would result in personal and economic hardship to the subject party *and* that such information is not relevant to the work of the agency maintaining it *(see, Matter of Gannett Co. v County of Monroe,* 59 AD2d 309, *affd on opn below* 45 NY2d 954). Here, respondent has failed to meet its burden. First, records regarding the days worked, leave taken with or without pay, and leave accrued by employees are by their very nature relevant to the day-to-day operations of the agency. Second, respondent has failed to establish how the release of these records would result in economic or personal hardship to the subject party. The possibility that these records can be used to discover other financial information is patently insufficient. Further, respondent's claim that the newspaper may use the information to create embarrassing articles does not suffice. Indeed, the status or need of the person seeking access to a document is of no consequence *(see, Matter of Capital Newspapers Div. v Burns,* 67 NY2d 562, 566-567; *Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra,* at 80). Since respondent has failed to provide a factual basis for its conclusory assertions that economic or personal hardship will result from the release of these records, access must be granted *(see, Matter of Capital Newspapers Div. v Burns, supra,* at 570; *Matter of Gannett Co. v County of Monroe, supra,* at 312).

Petitioner further asserts that Supreme Court erred in denying it access to portions of respondent's disciplinary actions. The request was limited to each employee's name, address, job title, the specific charges brought, the disposition of the charges, the penalty imposed, and the level at which the case was adjudicated. Respondent again contends that this information is exempt pursuant to Public Officers Law § 87 (2) (b) and § 89 (2) (b) (iv). Employee discipline is clearly relevant to the work of the agency and, thus, access to these records should be granted *(see, Matter of Gannett Co. v County of Monroe, supra).*

Respondent further contends that its disciplinary files may include employee medical records and personal and intimate

details of an employee's personal life. Such information would be exempt from disclosure (see, Matter of McAulay v Board of Educ., 61 AD2d 1048, affd 48 NY2d 659; Sinicropi v County of Nassau, 76 AD2d 832, 833). Here, however, petitioner does not seek such information but, rather, requests only the disciplinary charges, the agency determination of the charges, and the penalty imposed. Access to these portions of the disciplinary records is appropriate (see, Sinicropi v County of Nassau, supra; Farrell v Village Bd. of Trustees, 83 Misc 2d 125). It is possible, however, that some of the records sought may contain material which is exempt, e.g., employee medical information or family situation which is not relevant to the work of the agency. Respondent has, however, failed to demonstrate that such information is contained in any of the requested records.

Given these circumstances, we direct that respondent review and provide petitioner with the requested disciplinary records, except for those specific documents that it determines may contain exempt information. Respondent shall forward the specific documents to Supreme Court for an in camera inspection and determination whether any of the material is exempt (see, Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra, at 83). (Appeal from order of Supreme Court, Erie County, McGowan, J.—art 78.) Present— Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.