OPINION OF THE COURT
Kaye, J.
This appeal calls upon us to determine whether responses to a question regarding current treatment for disabilities, on an application for a New York driver’s license, are subject to disclosure under the Freedom of Information Law (Public Officers Law art 6 [FOIL]). We agree with Supreme Court and the Appellate Division that such information is exempt from disclosure as "medical * * * histories” (see, Public Officers Law § 89 [2] [b] [i]).
In June 1989, Pamela Jo Nielson was struck by an automobile while crossing a street in the Village of Fishkill. She retained petitioner’s law firm to represent her in an action against the driver, Frank Jordan, to recover damages for her injuries.
In September 1989, respondent Department of Motor Vehicles (the Department) received petitioner’s request — made through a private investigator — for a copy of Jordan’s license application. While the document was made available to petitioner, Jordan’s responses to the following question were covered over: "Do you have, or are you currently receiving treatment for, any disabilities? * * * If 'Yes’ check all that apply.” The ensuing list specified convulsive disorder, epilepsy, fainting or dizzy spells, heart ailment, mental disability, hearing impairment, lost use of leg, arm, foot, hand or eye, and other. An affirmative answer to any of the first five conditions required the applicant to secure a physician’s statement on a form provided by the Department.
In place of Jordan’s responses to the question, the following legend appeared on the document the Department made available to petitioner: "pursuant to section 89 of the freedom OF INFORMATION LAW. THE INFORMATION UNDER THIS MASK IS DEEMED TO BE CONFIDENTIAL.”
Petitioner then requested an unmasked, or unredacted, copy of the application, claiming that the material was not exempt under Public Officers Law §89 (2) (b), but his request was *109 denied.* The Department wrote that "[m]edical questions on license applications can only be unmasked by submitting a notarized letter from the driver requesting [that such] questions be unmasked.”
Petitioner next appealed to the Department’s Administrative Appeals Board, which affirmed the Department’s determination, noting the Department’s consistent policy to mask medical information on license applications except when the applicant consented to disclosure. The appeals officer concluded that disclosure of the requested information would constitute an unwarranted invasion of personal privacy and therefore petitioner’s request was properly denied.
The present CPLR article 78 proceeding followed, petitioner again asserting that the information requested was not exempt under FOIL. Supreme Court dismissed the petition, concluding that the redacted portion concerned Jordan’s medical history and was thus explicitly exempt from disclosure under Public Officers Law §89 (2) (b) (i). In affirming, the Appellate Division applied essentially a rule of reason: information constitutes medical history "if it is the type of information that one would reasonably expect to be included as a relevant and material part of a proper medical history.” (168 AD2d 884.) We granted leave to appeal and now affirm the Appellate Division order.
FOIL imposes a broad duty of disclosure on government agencies (see, Public Officers Law § 84; Matter of Fink v Lefkowitz, 47 NY2d 567). All agency records are presumptively available for public inspection and copying, unless they fall within 1 of 10 categories of exemptions, which permit agencies to withhold certain records (Public Officers Law § 87 [2]; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 79-80). Those exemptions are to be narrowly construed, with the burden resting on the agency to demonstrate that the requested material indeed qualifies for exemption (Public Officers Law §89 [4] [b]). Even where records fall within an exemption, an agency in its discretion may disclose them in whole or in part (Matter of Capital Newspapers v Burns, 67 NY2d 562, 567).
Explicitly exempt from mandatory disclosure are records *110 that "if disclosed would constitute an unwarranted invasion of personal privacy” (Public Officers Law § 87 [2] [b]). An unwarranted invasion of personal privacy expressly includes, but is not limited to, "disclosure of employment, medical or credit histories or personal references of applicants for employment” (Public Officers Law § 89 [2] [b] [i]).
The present controversy — solely one of statutory interpretation — requires us to define "medical * * * histories” as used in the FOIL exemption. While conceding that the license application itself is an agency "record” subject to disclosure under FOIL, respondents assert that the redacted information falls squarely within the exemption, and thus that a portion of the record may be withheld. Petitioner, by contrast, argues that the medical history exemption applies only to such information provided on an employment application, and alternatively that the term medical history encompasses only information disclosed to a physician or other health care provider in the course of treatment for an illness.
For the reasons that follow, we conclude that the redacted information was properly withheld.
While FOIL exemptions are to be narrowly read, they must of course "be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL” (Matter of Federation of N. Y. State Rifle & Pistol Clubs v New York City Police Dept., 73 NY2d 92, 96). Application of this guiding principle mandates affirmance.
Looking first at the language of the statute, we note that Public Officers Law §89 (2) (b) (i) is cast in the disjunctive: employment, medical and credit histories or personal references of applicants for employment each enjoy exemption from disclosure. Clearly, under the first three categories— employment, medical and credit histories — it is immaterial whether such information was included in applications for employment as that qualifying language applies only to the words that immediately precede it, "personal references.” Indeed, we noted in Matter of Capital Newspapers v Burns (67 NY2d, at 570, supra) that the identical provision did not exempt the disputed material — police department records containing factual tabulations of sick time taken by a certain officer — because it was "neither an employment history * * * nor a medical history.” As the statute is phrased, therefore, a medical history — whether or not contained in an employment application — is exempt from mandatory disclosure.
*111 The conclusion we reach from the structure of the statute is buttressed by the sense of the statute. Petitioner’s reading would require us to limit "employment, medical or credit histories” to employment applications. It is at the least unlikely that applications for employment would seek credit histories. The far more natural and obvious reading of the statute is respondent’s.
Stepping back from the words of the statute, our conclusion gains further force when legislative intent is considered. The Legislature has made explicit that its overriding purpose behind this exemption is to protect against unwarranted invasion of personal privacy. "[E]mployment, medical or credit histories” are but one example of information that could, if disclosed, plainly intrude on personal privacy; public disclosure of ongoing treatment for such medical conditions as convulsive disorders and mental disabilities threatens personal privacy, whether or not contained in employment applications.
Thus, the structure, sense and purpose of the FOIL exemption lead us to conclude that "medical * * * histories” are not confined to employment applications. The unwarranted invasion of privacy derives from the private nature of information contained in a medical history, not the fortuity of its inclusion in an employment application. Significantly, the analogous provision of the Freedom of Information Act, on which FOIL was modeled, contains no reference to employment applications (see, 5 USC § 552 [b] [6]).
Petitioner’s next argument is equally meritless — that the responses on the license application do not qualify as a medical history because they were not given to a health care provider. Again, we agree with the Appellate Division that the relevant inquiry is as to the nature of the information, not who compiled it, or where it appears, or whether it is a precise technical evaluation. Indeed, petitioner’s insistence that the exemption be restricted to information furnished to health care providers in the course of treatment is more appropriately directed to the very next provision — Public Officers Law § 89 (2) (b) (ii), which speaks of medical "records” of a client or patient in a medical facility. The contrast is telling between that exemption and the one at issue, which more broadly exempts medical "histories.”
While the Appellate Division definition of a medical history might appear somewhat circular — "information that one *112 would reasonably expect to be included as a relevant and material part of a proper medical history” — it does capture the essence of the exemption in that it encompasses the very sort of detail about personal medical condition that would ordinarily and reasonably be regarded as intimate, private information (see also, Brown v Federal Bur. of Investigation, 658 F2d 71, 75 [interpreting a similar provision under the Federal Freedom of Information Act]). The information at issue here — for example, that the license applicant is undergoing treatment for convulsive disorders, epilepsy, fainting or dizzy spells, heart ailments or mental disabilities — easily falls within that exemption.
Finally, there is no occasion for us to engage in the balancing of interests suggested by petitioner. Once it is determined that the requested material falls within a FOIL exemption, no further policy analysis is required. It is enough that the Legislature has determined to classify the release of such information as an unwarranted invasion of personal privacy (see, Matter of Federation of N. Y. State Rifle & Pistol Clubs v New York City Police Dept., 73 NY2d, at 97, supra).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.

 Petitioner also requested any physician’s statements accompanying the application. The Department advised petitioner that such records were not maintained on file in the central office, and petitioner has not challenged this aspect of the Department’s response.