*91 OPINION OF THE COURT
Edward Hart, J.
Anthony LaRocca, the vice-president of the Jericho Teachers’ Association, makes this application pursuant to CPLR article 78. In essence, the relief sought is in the nature of mandamus, i.e., a direction from the court to the respondent school boards and officials to make available for Mr. LaRocca’s inspection certain records referable to a disciplinary matter involving respondent Dr. Marc Horowitz, a principal employed by the Jericho Union Free School District. Mr. LaRocca is neither a resident, taxpayer nor parent in the school district.
On November 19, 1992 charges against Dr. Horowitz were filed by the relevant Board of Education pursuant to Education Law § 3020-a and thereafter on December 3, 1992 the Board of Education gave the superintendent of schools full authority within his discretion to negotiate a disposition with Dr. Horowitz or his attorney of the charges. Subsequently, a settlement was reached. The Board, based on the settlement agreement, directed that the charge be withdrawn and further directed that the New York State Commissioner of Education be so advised.
The request, at issue in this proceeding, was made by the petitioner on February 3, 1993 and sought a copy of the negotiated disposition of the charges and specifications, which request was denied by the relevant district official on February 24,1993.
THE DECISION
The court’s mandate in ascertaining legislative intent is to base interpretation of statutory language on the natural and most obvious sense of the words used without resorting to an artificial or forced construction. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 94.)
Under the provisions of Education Law § 3020-a and Commissioner’s Regulations (8 NYCRR 82.9) unless the charged party demands a public hearing, all hearings and related material remain private and confidential absent guilt being established by a panel finding after a due process hearing. This court equates the provision for a private hearing and expunction, with the concept of confidentiality. Against this background, the petitioner urges upon the court the proposition that the right to privacy and confidentiality does not extend to situations in which there is a negotiated disposition *92 of the charges by way of settlement and no finding of guilt made.
The request for copies of the documents at issue was made pursuant to subdivision (2) (g) (iii) of Public Officers Law § 87 which has been acronymed FOIL. It must be noted that the public access to official documents is additionally impacted by subdivision (2) of Public Officers Law § 89 which deals with an individual’s right to privacy. The importance accorded to this right in a democratic society has been memorialized in one of the most important United States Supreme Court decisions of this century, i.e., Roe v Wade (410 US 113, reh denied 410 US 959 [1973]). The importance of "open government” in a democracy cannot ever be underestimated but the citizen’s right to privacy cannot be removed absent adequate supportive authority.
Section 89 affords broad protection to records relevant to an individual’s privacy clearly demonstrating a legislative intent to restrict public access to governmental-type records rather than what have been characterized in the law as personnel records. This is not to say that a citizen seeking government records must support the request by a reason satisfactory to the reviewing officer but rather that some records of government employees are cloaked, under certain circumstances, with an immunity from inspection.
The dichotomous nature of the petitioner’s submission, i.e., that the record is subject to publication if the charges are withdrawn, but immunized if tried successfully, does not in the opinion of the court, pass dialectical muster. If such were the law, no educator would ever settle knowing that the charges, unproven as they might be, would become a matter of public currency impacting adversely and, perhaps irreparably, on that professional’s reputation. The educator, to ensure confidentiality, would almost of necessity have to opt for a hearing with the consequent unnecessary expense and effort expended both by the district and the educator. The court rejects this submission as being, in its opinion, violative of the intent of Education Law § 3020-a and Public Officers Law § 89 (2).
Insofar as section 89 is concerned, the court is of the opinion that what is being sought is an employment record and, absent a sustaining of the charges made, disclosure would constitute an "unwarranted invasion of * * * privacy”. The employment record exception, as the Court of Appeals pointed *93 out in Matter of Hanig v State of N. Y. Dept. of Motor Vehicles (79 NY2d 106, 111) is not meant to apply only to employment applications but rather to all material that would be considered part of an employment record as would the settlement documents in Dr. Horowitz’s case.
While the case of Doe v Office of Professional Med. Conduct of N. Y. State Dept. of Health (81 NY2d 1050) as petitioner urges is not completely on point as it involves a member of another professional discipline, the Court’s language is relevant "and it also 'evinces a sensibility to the possibility of irreparable harm to a professional’s reputation’ ” (at 1052).
In sum, to allow the inspection sought would be violative of the legislative intent of Education Law § 3020-a and subdivision (2) of Public Officers Law § 89. The Legislature, when it established the FOIL inspection scheme, intended to eliminate in camera governance not to remove the right to privacy that protects municipal employees as well as private citizens. The application of the petitioner is denied for the reasons set forth.