█ In the Matter of HARVEY M. ELENTUCK, Appellant, v RICHARD R. GREEN et al., Respondents. [608 NYS2d 701] —In a proceeding pursuant to CPLR article 78 to compel the respondents to give the petitioner access to certain documents, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated February 11, 1992, as, upon reargument, adhered to its original determination in an order and judgment (one paper) of the same court dated November 16, 1989, which granted the petition only to the extent of permitting the petitioner access only to certain hearing panel reports prepared pursuant to Education Law § 3020-a.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner, who is a teacher, sought disclosure, pursuant

to the Freedom of Information Law (see, Public Officers Law art 6), of various documents related to the termination of his employment, including, inter alia, "all Chancellor's Committee reports, Education Law § 3020-a reports, and 'unsatisfactory' lesson observation reports in the possession of Community School District/Board 24". We find that the court properly denied access to all three categories of reports as intra-agency materials which are not statistical or factual tabulations or data, instructions to staff that affect the public, or final agency policy or determinations (see, Public Officers Law § 87 [2] [g]). Chancellor's Committee reports consist of findings and recommendations regarding personnel actions to be taken by the Board of Education. The reports are prepared to assist the Chancellor, and are not binding. Similarly, hearing panel reports relating to Education Law § 3020-a consist of findings and recommendations subject to challenge by an appeal to the State Commissioner of Education, are not binding on either the Board of Education or the Commissioner of Education, and do not constitute final agency determinations. Accordingly, the requested Chancellor's Committee reports and hearing panel reports are predecisional material exempt from disclosure under Public Officers Law § 87 (2) (g) (see, Matter of McAulay v Board of Educ., 61 AD2d 1048, affd 48 NY2d 659; Matter of Herald Co. v School Dist., 104 Misc 2d 1041, 1046-1047).

The lesson observation reports consist solely of advice, criticisms, evaluations, and recommendations prepared by the school assistant principal regarding lesson preparation and classroom performance. As such, these reports fall squarely within the protection of Public Officers Law § 87 (2) (g) (see, Matter of Town of Oyster Bay v Williams, 134 AD2d 267, 268).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.