*301 OPINION OF THE COURT
Robert G. Hurlbutt, J.
Petitioner brought this proceeding by order to show cause seeking to enjoin the Board of Education for the Mexico Central School District from disclosing any portion of an agreement made by petitioner and respondent, dated March 18, 1994. The proceeding was precipitated by requests made to the Board of Education by third parties pursuant to Public Officers Law article 6 (Freedom of Information Law or FOIL).*
Petitioner, a tenured teacher, was the subject of charges filed pursuant to Education Law § 3020-a. Probable cause was found to exist by the Board of Education on or about November 18, 1993 and petitioner requested a private hearing. Prior to completion of the hearing, the parties entered into a six-page agreement resolving the matters raised in the charges. Subsequently, FOIL requests were made seeking a summary of the case, disclosure of the specific charges, and the decision of the Board. The Board of Education intended to disclose the March 18, 1994 agreement of the parties in response to the FOIL requests and, upon receiving notice of that intention from the Board, petitioner brought the instant proceeding. A temporary restraint against disclosure was given by order of this court dated April 20, 1994.
Petitioner argues that the details of a disciplinary proceeding not culminating in a formal final decision are not subject to disclosure under Public Officers Law article 6. Petitioner also argues that the agreement between the parties is a personnel matter entitled to the express exemption from disclosure afforded to personnel files. Petitioner cites a decision rendered in Supreme Court, Nassau County, in a case entitled Matter of LaRocca v Board of Educ. (159 Misc 2d 90), where the teacher’s association sought access to records of a disciplinary matter involving a school principal. A settlement agreement was negotiated and the charge was withdrawn by the Board of Education pursuant to the agreement. The court in that case found that disclosure of the negotiated agreement would constitute disclosure of an "employment record” which, "absent a sustaining of the charges made,” would amount to an unwarranted invasion of privacy for which the principal was protected by Public Officers Law § 87 (2) and § 89. (Supra, *302 at 92.) The disclosure application was denied. Petitioner argues that the negotiated settlement of disciplinary proceedings in the instant case is likewise an "employment matter” disclosure of which will constitute an unwarranted invasion of privacy.
Public Officers Law § 84 provides, in part, as follows:
"The people’s right to know the process of governmental decision-making and to review the documents and statistics leading to determinations is basic to our society.
"The legislature therefore declares that government is the public’s business and that the public * * * should have access to the records of government in accordance with the provisions of this article.”
The Freedom of Information Law "proceeds under the premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government.” (Matter of Fink v Lefkowitz, 47 NY2d 567, 571.) The legislation imposes " 'a broad standard of open disclosure upon government agencies [whereby] all records are presumptively available for public inspection and copying unless they fall within one of FOIL’S eight exemptions.’ ” (Matter of Buffalo News v Buffalo Enter. Dev. Corp., 173 AD2d 43, 45, citing Matter of Buffalo News v Buffalo Mun. Hous. Auth., 163 AD2d 830.) The exemptions, found at Public Officers Law § 87 (2), are specific and narrowly constructed. (Matter of Fink v Lefkowitz, supra, 47 NY2d, at 571; Matter of Miracle Mile Assocs. v Yudelson, 68 AD2d 176, 181, lv denied 48 NY2d 606.) The burden of showing that an express statutory exemption applies in this case is upon the petitioner. (Matter of Capital Newspapers v Burns, 109 AD2d 92, 94, affd 67 NY2d 562; Matter of Journal Publ. Co. v Office of Special Prosecutor, 131 Misc 2d 417.)
Public Officers Law § 87 (2) provides that access to records may be denied if such records are specifically exempted from disclosure by State or Federal statute, or if disclosure would constitute an unwarranted invasion of personal privacy under section 89 (2). This court rejects petitioner’s argument that Education Law § 3020-a specifically exempts the agreement in question in this case from disclosure. There is simply no such exemption in that statute, which provides as part of the procedure for hearings that they shall be public or private at the discretion of the employee. Petitioner’s request for a private hearing does not cloak his negotiated settlement with *303 a statutory secrecy and exemption from disclosure under the Freedom of Information Law. Moreover, it is disingenuous for petitioner to argue that public disclosure is permissible under Education Law § 3020-a only where an employee is found guilty of a specific charge. The settlement agreement at issue in the instant case contains the petitioner’s express admission of guilt to a number of charges and specifications. This court does not perceive the distinction between a finding of guilt after a hearing and an admission to guilt insofar as protection from disclosure is concerned.
The agreement of the parties provides only that, in the event disclosure statutes require the dissemination of information, the petitioner will be notified in writing prior to the disclosure. There is no agreement to keep the details of the settlement confidential and, thus, the court rejects petitioner’s argument that disclosure under these circumstances will deprive him of a significant part of the bargain he made. In any event, an agreement to keep secret that to which the public has a right of access under article 6 of the Public Officers Law would be unenforceable as against public policy.
Petitioner contends that disclosure of the terms of the settlement at issue in this case would constitute an unwarranted invasion of his privacy prohibited by Public Officers Law § 87 (2) (b). Public Officers Law § 89 (2) (b) defines an unwarranted invasion of personal privacy as, in pertinent part, "i. disclosure of employment, medical or credit histories or personal references of applicants for employment.” Petitioner argues that the agreement itself provides that it shall become part of his personnel file and that material in his personnel file is exempt from disclosure.
In Matter of Capital Newspapers v Burns (supra, 109 AD2d, at 95, affd 67 NY2d 562), the Court held that applicability of the Civil Rights Law § 50-a exemption from disclosure for personnel records of police officers and firemen is not determined simply on the basis of where the information is stored. Likewise, information does not become protected "employment, medical or credit history” by virtue of the fact that it is stored in an employee’s personnel file. In Capital Newspapers v Burns (supra) the Court held that a police officer’s record of sick days and absence from employment was not protected from disclosure by a blanket exemption for personnel records of police officers found in Civil Rights Law § 50-a. The decision in Capital Newspapers v Burns (supra) illustrates that there is *304 no blanket exemption from disclosure in the law for records contained in personnel files.
On this issue, this court respectfully disagrees with the decision in Matter of LaRocca v Board of Educ. (159 Misc 2d 90, supra). Arguably, LaRocca is distinguishable on its facts from the case presently before the court, as there the charges made were not sustained (supra, at 92), and here the charges were sustained by admission. However, the conclusion underlying the decision in LaRocca is that the negotiated settlement of disciplinary charges is a private matter to be protected from disclosure as an "employment record.” This court rejects that conclusion as establishing an exemption from disclosure not created by statute (Public Officers Law § 87 [2] [a]), and not within the contemplation of the "employment, medical or credit history” language found under the definition of "unwarranted invasion of personal privacy” at Public Officers Law § 89 (2) (b) (i). In fact, the information sought in the instant case, i.e., the terms of settlement of charges of misconduct lodged against a teacher by the Board of Education, is not information in which petitioner has any reasonable expectation of privacy where the agreement contains the teacher’s admission to much of the misconduct charged. The agreement does not contain details of the petitioner’s personal history— but it does contain the details of admitted misconduct toward students, as well as the agreed penalty. The information is clearly of significant interest to the public, insofar as it is a final determination and disposition of matters within the work of the Board of Education and reveals the process of and basis for government decision making. This is not a case where petitioner is to be protected from possible harm to his professional reputation from unfounded accusations (Matter of Johnson Newspaper Corp. v Melino, 77 NY2d 1), for this court regards the petitioner’s admission to the conduct described in the agreement as the equivalent of founded accusations. As such, the agreement is tantamount to a final agency determination not falling within the privacy exemption of FOIL "since it was not a disclosure of employment history.” (Matter of Scaccia v New York State Div. of State Police, 138 AD2d 50, 54; Matter of Buffalo News v Buffalo Mun. Hous. Auth., supra, 163 AD2d, at 831.)
The settlement agreement of March 18, 1994 which the Board of Education seeks to disclose in response to requests made under the Freedom of Information Law is not exempt from disclosure. The applicants are entitled to disclosure of *305 the agreement pursuant to article 6 of the Public Officers Law. The temporary restraint against disclosure contained in this court’s order of April 20, 1994 shall be lifted. Counsel for respondent may submit a proposed judgment vacating the stay and dismissing the petition herein.

 Respondent has not raised, and therefore we do not address the question of petitioner’s standing to bring this proceeding. (See, Matter of Capital Newspapers v Burns, 67 NY2d 562, 566, n 2.)