■ In the Matter of ANTHONY LaRocca, Appellant, v BOARD OF EDUCATION OF THE JERICHO UNION FREE SCHOOL DISTRICT et al., Respondents. [632 NYS2d 576] —In a proceeding pursuant to CPLR article 78 to review a determination of Robert Manhei-

mer, dated March 9, 1993, which confirmed a determination of the Jericho Union Free School District, dated February 12, 1993, denying the petitioner's application to obtain a copy of a settlement agreement, the appeal is from a judgment of the Supreme Court, Nassau County (Hart, J.), entered September 13, 1993, which dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision which dismissed the proceeding in its entirety and substituting therefor a provision granting the petition to the extent of directing the release of a redacted copy of the settlement agreement; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for release to the petitioner of a redacted copy of the settlement agreement.

In November 1992 written disciplinary charges were filed against Dr. Marc Horowitz pursuant to Education Law § 3020-a. Dr. Horowitz is employed by the Jericho Union Free School District (hereinafter the School District) as a principal and is a tenured employee. Thereafter, the Board of Education of the Jericho Union Free School District (hereinafter the Board of Education) determined that probable cause existed to support the disciplinary charges brought against Dr. Horowitz.

In December 1992 the Board of Education delegated to Dr. Robert Manheimer, the School District's Superintendent of Schools, the authority to negotiate a settlement which would dispose of the charges against Dr. Horowitz. The charges against Dr. Horowitz were "disposed of by negotiation and settled by an Agreement duly executed by [Dr. Manheimer] and [Dr. Horowitz] on December 14, 1992" (hereinafter the settlement agreement). The Board of Education then adopted a resolution withdrawing, without prejudice, the charges against Dr. Horowitz and directing the School District's attorney to advise the New York State Department of Education that the charges were withdrawn.

The petitioner Anthony LaRocca, Vice-President of the Jericho Teachers Association, which represents teachers employed in the school supervised by Dr. Horowitz, requested "a copy of the Board [of Education] resolution regarding the negotiated disposition and a copy of the accepted agreement between Dr. Horowitz, [Dr. Manheimer] and the Board of Education". LaRocca's request was denied because disclosure of the agreement "would constitute an unwarranted invasion of personal privacy" and "[t]he request relates to intra-agency or inter-agency materials which the School District is not required to disclose". LaRocca appealed the School District's determina-

tion to Dr. Manheimer. He subsequently affirmed the School District's determination.

LaRocca then commenced the instant CPLR article 78 proceeding, seeking disclosure of the settlement agreement under Public Officers Law article 6, commonly known as the Freedom of Information Law (hereinafter FOIL). He argued that FOIL makes the records of public agencies presumptively accessible, and that the settlement agreement did not fall within any of the recognized exceptions. The School District, as well as Dr. Horowitz, opposed the petition on the same basis as had previously been relied upon in denying LaRocca's initial request. The court denied the petition and dismissed the proceeding, finding, *inter alia,* that disclosure of the settlement agreement was exempt under FOIL because the document sought was an employment record, disclosure of which would be an unwarranted invasion of privacy. It also found that disclosure of the settlement agreement would violate the legislative intent of Education Law § 3020-a in providing tenured educators with the option of having confidential disciplinary proceedings.

It is well settled that FOIL imposes a broad duty of disclosure on government agencies *(see,* Public Officers Law § 84; *Matter of Fink v Lefkowitz,* 47 NY2d 567). All agency records are presumptively available for public inspection and copying, unless they fall within 1 of 10 categories of exemptions which permit agencies to withhold certain records (Public Officers Law § 87 [2]; *Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 79-80; *Matter of Hanig v State of New York Dept. of Motor Vehicles,* 79 NY2d 106, 109). The Court of Appeals has repeatedly stated that "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" *(Matter of Capital Newspapers v Whalen,* 69 NY2d 246, 252; *Matter of Buffalo News v Buffalo Enter. Dev. Corp.,* 84 NY2d 488, 492; *Matter of Russo v Nassau County Community Coll.,* 81 NY2d 690, 697).

However, expressly exempted from mandatory disclosure are records that "if disclosed would constitute an unwarranted invasion of * * * privacy" (Public Officers Law § 87 [2] [b]), including but not limited to "disclosure of employment, medical or credit histories or personal references of applicants for employment" (Public Officers Law § 89 [2] [b] [i]). Further, although it is clear that a record is not considered an "employment history" merely because it records facts concerning employment *(see, Matter of Capital Newspapers Div. v Burns,*

67 NY2d 562, 570), the term "employment history" for purposes of FOIL exemptions is not defined in the statute, nor well interpreted by case law. However, its companion term "medical history" has been defined as "information that one would reasonably expect to be included as a relevant and material part of a proper medical history" *(Matter of Hanig v State of New York Dept. of Motor Vehicles,* 168 AD2d 884, *affd* 79 NY2d 106, *supra).* The Court of Appeals has approved this definition, stating that it "capture[d] the essence of the exemption in that it encompasses the very sort of detail about personal medical condition that would ordinarily and reasonably be regarded as intimate, private information" *(Matter of Hanig v State of New York Dept. of Motor Vehicles,* 79 NY2d 106, 112, *supra).*

Having examined the settlement agreement, we find that the entire document does not constitute an "employment history" as defined by FOIL *(see, Matter of Hanig v State of New York Dept. of Motor Vehicles, supra)* and it is therefore presumptively available for public inspection *(see,* Public Officers Law § 87 [2]; *Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra,* 62 NY2d 75). Moreover, as a matter of public policy, the Board of Education cannot bargain away the public's right to access to public records *(see, Board of Educ. v Areman,* 41 NY2d 527). Thus, to the extent that the settlement agreement, or any part thereof, purports to deny the public access to it in its entirety, such a provision is unenforceable as against the public interest.

However, having examined the settlement agreement in camera, we find that the release of that portion of the agreement which contains references to charges which were denied and/or not admitted by Horowitz or which contain the names of any teachers, would constitute an unwarranted invasion of privacy as defined by Public Officers Law § 87 (2). Therefore, the agreement must be redacted prior to its release to the petitioner. In the interest of judicial economy, we have redacted it, and the matter is remitted to the Supreme Court, Nassau County, to release copies of the redacted agreement to the petitoner.

We have examined the respondents' remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller and Florio, JJ., concur.

O'Brien, J., concurs in part and dissents in part and votes to reverse the judgment and grant the petition in its entirety, with the following memorandum:

I disagree with the majority's conclusion that the settlement

agreement should be disclosed in a redacted form. The disciplinary charges against Dr. Horowitz which he neither admitted nor denied are not protected from disclosure under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL). Accordingly, I would reverse the judgment, grant the petition, and direct the respondent agency to disclose the settlement agreement in its entirety.

The School District denied the petitioner access to the settlement agreement based on two exemptions in the Public Officers Law. The School District claimed that (1) the agreement constituted nonfinal intra-agency or inter-agency materials *(see,* Public Officers Law § 87 [2] [g] [iii]) and (2) disclosure would constitute an unwarranted invasion of personal privacy because the agreement constituted an employment history *(see,* Public Officers Law § 87 [2] [b]; § 89 [2] [b] [i]). The Supreme Court, in upholding the School District's decision, determined that the settlement agreement was an employment record and that disclosure of the disciplinary charges would constitute an unwarranted invasion of personal privacy contrary to the intent of Education Law § 3020-a and Public Officers Law § 89 (2) *(see, Matter of LaRocca v Board of Educ.,* 159 Misc 2d 90). I conclude that the settlement agreement is not exempt from disclosure on any of these grounds.

The exemption for intra-agency or inter-agency materials is inapplicable as that term applies to " 'deliberative material,' i.e., communications exchanged for discussion purposes not constituting final policy decisions" *(Matter of Russo v Nassau County Community Coll.,* 81 NY2d 690, 699; *see also, Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131). The respondents contend that the settlement agreement was nonfinal because the Board of Education's withdrawal of the charges, based on that agreement, was without prejudice to renewal of those charges if Dr. Horowitz failed to abide by the terms of the settlement. This contention is unpersuasive. The settlement agreement was for all practical purposes a final determination of the charges against Dr. Horowitz, not merely a predecisional document *(cf., Matter of Elentuck v Green,* 202 AD2d 425).

The settlement agreement is not exempt from disclosure under the privacy protection accorded to employment histories, even though it contains facts concerning Dr. Horowitz' employment *(see, e.g., Matter of Capital Newspapers Div. v Burns,* 67 NY2d 562 ["Lost Time Report" in police officer's personnel record was not an employment history]). A FOIL exemption should be given its "natural and obvious meaning" consistent with the legislative intent and policy underlying the statute *(Matter*

of *Hanig v State of New York Dept. of Motor Vehicles,* 79 NY2d 106, 110). Charges of misconduct and the disposition of such charges by an employee's current employer do not constitute an employment history as that term is commonly understood *(see, e.g., Matter of Anonymous v Board of Educ.,* 162 Misc 2d 300 [terms of settlement of charges of misconduct against teacher did not constitute employment history protected from disclosure under Public Officers Law § 89 (2) (b) (i)]). Moreover, the purpose of FOIL is to provide citizens with the means to obtain information about the day-to-day functioning of government and to provide a tool for exposing waste, negligence, and abuse on the part of government officers *(see, Matter of Capital Newspapers Div. v Burns, supra,* at 566; *see also, Matter of Fink v Lefkowitz,* 47 NY2d 567, 571). The disclosure of employee disciplinary determinations is consistent with that purpose *(see, e.g., Matter of Powhida v City of Albany,* 147 AD2d 236 [disclosure of police department's response to officer's misconduct contributed to general public's evaluation of the agency]). Certainly the general public has an interest in how a school board responds to allegations of misconduct made against an educator.

Although the School District relies on the specific privacy exemption for employment histories, it is noted that FOIL also includes a more general "unwarranted invasion of personal privacy" exemption which applies to the disclosure of information of a personal nature when disclosure would result in personal and economic hardship and such information is not relevant to the work of the agency maintaining it *(see,* Public Officers Law § 89 [2] [b] [iv]; *Matter of Gannett Co. v County of Monroe,* 45 NY2d 954). This exemption does not apply to the case at bar, however, as employee discipline is clearly relevant to the work of the School District *(see, e.g., Matter of Buffalo News v Buffalo Mun. Hous. Auth.,* 163 AD2d 830 [employee disciplinary files, including charges, agency determination of charges, and penalty imposed, should be disclosed under FOIL]).

Finally, the confidentiality provisions in Education Law § 3020-a do not preclude disclosure of the settlement agreement. Public Officers Law § 87 (2) (a) provides that access to records may be denied if they are specifically exempted from disclosure by a State statute. An express statement of confidentiality is not required in the statute to establish an exemption under FOIL but a "clear legislative intent to establish and preserve confidentiality" must be shown *(Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 81).

Education Law § 3020-a evinces a legislative intent to preserve confidentiality only while a disciplinary proceeding is pending and, once a final determination is reached, to maintain confidentiality only as to those charges of which the educator has been acquitted. Pursuant to Education Law § 3020-a (2) (a), disciplinary charges are voted on in executive session by the school board. The educator has the right to determine whether the disciplinary hearing shall be public or private (Education Law § 3020-a [3] [c] [i]). Pursuant to Education Law § 3020-a (4) (b), those charges of which the educator has been acquitted must be expunged from the employment record. Education Law § 3020-a, however, does not include any provision with respect to the confidentiality of the final disposition of charges when there has not been an acquittal (see, Matter of Anonymous v Board of Educ., supra, 162 Misc 2d 300 [Education Law § 3020-a does not exempt from disclosure negotiated settlement of misconduct charges against teacher]).

The respondents' assurance to Dr. Horowitz that the agreement would remain confidential does not affect the applicability of any exemption under FOIL (see, e.g., Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557). In order to deny access, the School District must establish that the settlement agreement "falls squarely within the ambit of one of [the] statutory exemptions" (Matter of Fink v Lefkowitz, supra, 47 NY2d, at 571), which it has failed to do. Moreover, the School District may not, by private agreement, limit the public's right to access to records which are otherwise subject to disclosure under FOIL (see, e.g., Matter of Anonymous v Board of Educ., supra, 162 Misc 2d 300 [an agreement to keep secret that to which public has a right of access under FOIL unenforceable as against public policy]).

My colleagues, in redacting substantial portions of the settlement agreement, rely on Public Officers Law § 89 (2) (a), which permits an agency to withhold or delete from "records otherwise available", information which would constitute an unwarranted invasion of personal privacy (Matter of Short v Board of Mgrs., 57 NY2d 399, 405). However, for the reasons previously stated, I do not agree that the privacy exemption applies to any portion of the settlement agreement. Although disclosure of the charges might cause some embarrassment, that is an insufficient basis under FOIL to deny disclosure.

I recognize that this result may be unfair to Dr. Horowitz, who gave up his right to a confidential hearing on the charges and to the remedy of expungement of those charges of which he was acquitted, based in part on the assurance that the agree-

ment, and the substance of the charges, would remain confidential. However, whether Dr. Horowitz has any potential remedy in this regard is not an issue raised in this proceeding. [See, 159 Misc 2d 90.]