OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a petition for the disclosure of certain information and documents, pursuant to the Freedom of Information Law (Public Officers Law art 6). The respondent cross-moves to dismiss.
A number of parcels of real property in Far Rockaway were taken by the respondent pursuant to the EDPL for the purpose of building a school. Litigation concerning a parcel in which the petitioner’s clients have an interest is pending. Settlements have been reached with a number of the property owners regarding the compensation to be paid. Petitioner seeks to obtain the amounts paid in those settlements, as well as a report prepared by an appraiser with regard to those parcels. The respondent opposes disclosure.
It is settled that the fact that a person is involved in litigation with a public agency does not diminish his rights under FOIL (Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75). Therefore, all discussion as to whether the appraisal report or the settlement amounts would be disclosable in the underlying litigation are besides the point. While it is true that Farbman left open the question of whether matters unobtainable in litigation under CPLR 3101 (b) are likewise privileged under FOIL, the respondent points to no particular privilege. It should be noted that CPLR 3101 (b) establishes no privileges. It merely provides that privileged matter is not obtainable by way of disclosure in a civil litigation.
The duty of disclosure imposed on government agencies by FOIL is a broad one, and all agency records are presumptively disclosable, unless they fall into one or more of the 10 listed categories of exemptions, which are to be narrowly interpreted (Public Officers Law § 87 [2]; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, supra; Matter of LaRocca v Board of Educ., 220 AD2d 424).
One of the statutory exemptions to FOIL disclosure concerns "intra-agency materials which are not * * * final agency policy or determinations” (Public Officers Law § 87 [2] *427 [g] [iii]). This exemption applies with equal force to those materials which were prepared by outside consultants (Matter of Xerox Corp. v Town of Webster, 65 NY2d 131). While the draft report of the appraiser as to the valuation of the parcels was clearly utilized by the respondent in determining the amount at which it would settle the claims regarding the other parcels, it was never adopted by the agency as a final agency policy or determination. Therefore, it apparently falls within the statutory exemption. However, given the sparse description of this document, an in camera inspection will be held to determine whether any part of it is nonexempt.
As to the settlements reached for the other parcels, the respondent cannot point to a specific exemption within FOIL or any other statute. Respondent candidly admits that its underlying objective here is to preserve the confidentiality of the settlements reached with some of the property owners, lest the remaining owners attempt to use the information for bargaining leverage. Respondent states that it would be happy to disclose the settlement amounts, once a full settlement as to all of the parcels has been reached.
While the court is sympathetic to the respondent’s concerns, the fact is that neither the EDPL nor the terms of FOIL support its position. EDPL contains no provision allowing nondisclosure in this situation, and FOIL does not allow for exemption by implication. Rather, it carefully provides for nondisclosure of matters which "are specifically exempted from disclosure by state or federal statute” (Public Officers Law § 87 [2] [a]). Whether temporary nondisclosure would further the underlying aims of EDPL is simply not the issue.
Respondent attempts to rely on the exemption for matters which "would impair present or imminent contract awards” (Public Officers Law § 87 [2] [c]). The court is not cited to any authority which supports the position that negotiations to settle ongoing litigation fall within this exemption, nor do such negotiations seem to the court to represent "contract awards”.
Further, respondent points to Public Officers Law § 87 (2) (g) as supporting nondisclosure on the grounds that settlements are "nonfinal determinations”. This provision is irrelevant to disclosure of the settlement amounts, as section 87 (2) (g) applies to "inter-agency or intra-agency materials”. It does not establish a blanket exemption for anything which is not a final determination.
Therefore, the court holds that the respondent must, within 20 days of the service of the judgment to be entered hereon, *428 provide the petitioner with the settlement amounts relevant to the other parcels of property condemned herein. Respondent shall also submit to the court a copy of the appraiser’s report for in camera inspection, within the same period.