In the Matter of MOTHERS ON THE MOVE, INC., Appellant, v MAX MESSER et al., Respondents. [652 NYS2d 773] —In a proceeding pursuant to CPLR article 78, the petitoner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Dowd, J.), entered December 28, 1995, as denied that branch of the petition which was to review so much of a determination of the Board of Education of the City of New York dated February 21, 1995, as denied

that branch of its application which was to obtain copies of OP No. 30 forms filed for City School District No. 8 since 1990.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petition which was to review so much of the determination as denied that branch of the petitioner's application which was to obtain copies of OP No. 30 forms filed for City School District No. 8 since 1990 is granted, the determination denying that branch of the petitioner's application is annulled, and that branch of the petitioner's application is granted.

The petitioner, a parent's organization located within City School District No. 8 in the South Bronx, filed a request under the Freedom of Information Law for access to certain documents relating to that district's compliance with the Chancellor's Regulation C-30 which governed the selection of supervisory school-based personnel (e.g., principals). Among the documents requested were all OP No. 30 forms filed for City School District No. 8 since 1990. This form lists the names of all candidates interviewed at the first and second stages of the screening process for a particular title, the names of the members of the second stage interviewing committee, and certifications by the local school superintendent and by the central Director of Human Resources that the appropriate procedures as set forth by the Chancellor's Regulation C-30 have been followed in selecting a candidate. After the respondents refused to release the OP No. 30 forms, the petitioner commenced the instant proceeding pursuant to CPLR article 78. The Supreme Court denied the petition finding that the forms were exempt from disclosure because they constituted intra-agency predecisional materials and because disclosure might result in an unwarranted invasion of privacy. We disagree.

It is well established that the Freedom of Information Law (*see*, Public Officers Law § 84 *et seq.*), imposes a broad duty of disclosure on government agencies (*see, Matter of Fink v Lefkowitz*, 47 NY2d 567; *Matter of LaRocca v Board of Educ.*, 220 AD2d 424). All agency records are presumptively available for public inspection and copying unless they fall within 1 of 10 categories of exemptions which permit agencies to withhold certain records (*see, Matter of Hanig v State of New York Dept. of Motor Vehicles*, 79 NY2d 106, 109). The Court of Appeals has repeatedly stated that "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" (*Matter of Capital Newspapers v Whalen*, 69 NY2d 246, 252; *Matter*

*of Russo v Nassau County Community Coll.*, 81 NY2d 690, 697). The burden is on the agency to demonstrate that the requested material indeed qualifies for exemption (*see, Matter of Hanig v State of New York Dept. of Motor Vehicles, supra*).

Pursuant to Public Officers Law § 87 (2) (g), exempt from disclosure are intra-agency materials which are not statistical or factual tabulations or data, instructions to staff that affect the public, final agency policy or determinations, or external audits. The exemption applies only to deliberative materials, i.e., communications exchanged for discussion purposes not constituting final policy decisions (*see, New York 1 News v Office of President*, 231 AD2d 524). Factual observations are not exempt from disclosure, even in documents issued before final decision (*see, New York 1 News v Office of President, supra; Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 699, *supra*). Opinions and recommendations prepared by agency personnel may therefore be exempt from disclosure as predecisional material, prepared to assist an agency decision maker in arriving at his decision (*see, Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132; *Matter of McAulay v Board of Educ.*, 61 AD2d 1048, *affd* 48 NY2d 659). Such material is exempt to protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision makers (*see, Matter of Xerox Corp. v Town of Webster, supra; Matter of Sea Crest Constr. Corp. v Stubing*, 82 AD2d 546, 549).

The OP No. 30 forms are more in the nature of a factual presentation to show only that the appropriate procedures as set forth in the Chancellor's Regulation C-30 have been followed. There is nothing about the form which would suggest that it should be considered predecisional material prepared to assist an agency decision maker or that it is in the nature of deliberative materials.

We are not persuaded by the respondents' argument that release of the OP No. 30 forms would constitute an unwarranted invasion of privacy. A record is not considered an employment history merely because it records facts concerning employment (*see, Matter of LaRocca v Board of Educ., supra*, at 426). The information disclosed on the form does not encompass the sort of detail that would ordinarily and reasonably be regarded as intimate, private information (*compare, Matter of Hanig v State of New York Dept. of Motor Vehicles, supra*, at 112; *Matter of LaRocca v Board of Educ., supra; see also, Matter of Gannett Co. v City Clerk's Off.*, 157 Misc 2d 349, *affd* 197 AD2d 919). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.