◼ In the Matter of WESTERN SUFFOLK BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent-Appellant, v BAY SHORE UNION FREE SCHOOL DISTRICT et al., Appellants-Respondents. [672 NYS2d 776] —In a proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Bay Shore Union Free School District, dated February 14, 1997, denying the petitioner's application pursuant to Public Officers Law § 87, *inter alia*, for the employment history of Charles Jones, Bay Shore Union Free School District, Evelyn Blose Holman, and Joanne J. Poggi appeal, as limited by their brief, and Charles Jones separately appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Tannenbaum, J.), dated July 2, 1997, as directed the release of certain documents, and the Western Suffolk Board of Cooperative Educational Services cross-appeals from so much of the same judgment as declined to release certain documents contained in the sealed record on appeal.

Ordered that the appeal by Bay Shore Union Free School District, Evelyn Blose Holman, and Joanne J. Poggi is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof which granted the Western Suffolk Board of Cooperative Educational Services access to pages 2-4 and 47-50 of the sealed record on appeal and substituting therefor a provision denying it access to those pages and to the paper which is reproduced at Page 157 of Volume Two of the joint record on appeal submitted to this Court, and (2) redacting a stipulation of settlement set forth at pages 107 through 123 of the sealed record on appeal by deleting the names of the students and their parents mentioned therein; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The court erred in authorizing, pursuant to Public Officers Law § 87, release of certain pages of the sealed record on appeal filed herein which recite unproven disciplinary charges

(see, Matter of LaRocca v Board of Educ., 220 AD2d 424, 429; see also, Public Officers Law § 87 [2]; § 89 [2] [b]; Matter of Hanig v State of New York Dept. of Motor Vehicles, 79 NY2d 106, 109).

Further, although the Western Suffolk Board of Cooperative Educational Services is entitled to a certain stipulation of settlement, the names of students and their parents mentioned therein should be redacted from the settlement transcript (cf., Matter of LaRocca v Board of Educ., supra).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.