■  In the Matter of Gerald Spencer, Appellant, v Louis Lombardi et al., Respondents. [699 NYS2d 47] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 29, 1998, granting respondents' cross-motion to dismiss the petition challenging, pursuant to CPLR article 78, the New York City Police Department Records Access Officer's refusal to provide access to certain documents requested under the Freedom of Information Law (FOIL), unanimously reversed, on the law, without costs or disbursements, and the matter remanded for a hearing, as indicated herein, and respondents permitted to interpose an answer to the petition within 30 days of the date of this order.

In granting dismissal of petitioner's article 78 challenge to respondents' partial denial of his FOIL request, the IAS Court properly recognized that their claim of untimeliness presented an issue of fact, which barred summary resolution. Instead of setting the matter down for a hearing to resolve that issue, however, the court undertook a consideration of the merits, which it resolved against petitioner on the ground that the 184 pages of withheld documents (that terminated after petitioner had been given access to 130 pages) consisted of complaint follow-up reports (DD-5s), the release of which would reveal confidential sources or non-routine investigative techniques. This defense was never advocated before the IAS Court. Nor does the record, as developed to this point, support it. Since all governmental records are presumptively open for public inspection and copying unless the record falls within one of the enumerated exemptions contained in Public Officers Law § 87 (2) (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274-275), the burden is on the agency to demonstrate that the materials sought qualify for exemption. (*Matter of Hanig v State of N. Y. Dept. of Motor Vehicles*, 79 NY2d 106, 109.) The Police Department is entitled to withhold complaint follow-up reports under an applicable exemption "as long as the requisite particularized showing is made." (*Matter of Gould v New York City Police Dept.*, *supra*, at 277.) As noted, respondents never advanced the Public Officers Law § 87 (2) (e) (iii) confidentiality exemption.

We remand for a determination as to whether respondents' letter of June 26, 1997 denying petitioner's request for additional materials was mailed, as claimed, and received by petitioner. Given petitioner's denial of receipt, there is nothing in the record to show that the letter was correctly addressed and posted. Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.