Matter of New York Civ. Liberties Union v New York City Dept. of Corr. (2023 NY Slip Op 00930)

Matter of New York Civ. Liberties Union v New York City Dept. of Corr.

2023 NY Slip Op 00930

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 159851/21 Appeal No. 17358 Case No. 2022-02467 

[*1]In the Matter of New York Civil Liberties Union, Petitioner-Respondent-Appellant,
v
New York City Department of Correction, Respondent-Appellant-Respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elina Druker of counsel), for appellant-respondent.
New York Civil Liberties Union Foundation, New York (Robert Hodgson of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered April 19, 2022, to the extent appealed from as limited by the briefs, granting petitioner's Freedom of Information Law (FOIL) petition to the extent of ordering respondent New York City Department of Correction (DOC) to produce certain records and data, identifying proposed redactions and providing justifications for such redactions, and denying petitioner's request for attorney's fees and costs, unanimously affirmed, without costs.
The personal privacy exemption set forth in Public Officers Law § 87(2) allows state agencies to protect sensitive matters, which are of little or no public interest, and which may include unsubstantiated allegations (see Matter of New York Times Co. v City of New York Off. of the Mayor, 194 AD3d 157, 165 [1st Dept 2021], lv denied 37 NY3d 913 [2021]; Matter of Western Suffolk Bd. of Coop. Educ. Servs. v Bay Shore Union Free School Dist., 250 AD2d 772, 772 [2d Dept 1998]). However, Public Officers Law § 87(2) does not create a categorical or blanket exemption from disclosure for unsubstantiated complaints or allegations of uniformed officers' misconduct (see Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d 1401, 1403-1404 [4th Dept 2022]; Matter of Thomas v New York City Dept. of Educ., 103 AD3d 495, 497 [1st Dept 2013]). Documents concerning unsubstantiated complaints or allegations should be disclosed to the extent that they can be redacted to prevent an unwarranted invasion of personal privacy, including the removal of identifying details (see Civil Liberties Union, 210 AD3d at 1405; Matter of Sell v New York City Dept. of Educ., 135 AD3d 594, 594 [1st Dept 2016]; Thomas, 103 AD3d at 499; Matter of LaRocca v Board of Educ. of Jericho Union Free School Dist., 220 AD2d 424, 427 [2d Dept 1995]).
Here, respondent failed to establish that identifying details in the records or data requested could not be redacted to prevent an unwarranted invasion of privacy (Civil Liberties Union, 210 AD3d at 1405; Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 666 [2d Dept 2021], lv denied 37 NY3d 907 [2021]). The court therefore properly required DOC to disclose the requested records, subject to redactions with specific justification under Public Officers Law § 87(2). The court also properly required that DOC sufficiently document its justification for redactions, to facilitate potential in camera review.
We find that on this record the court properly denied petitioner's request for an award of attorney's fees and costs, inasmuch as this proceeding at this stage concerns a novel interpretation of legislation that both repealed a statute and enacted new provisions to a longstanding statutory scheme, it cannot be said that respondents had no reasonable basis for denying access to the records at issue (Public Officers Law § 89[4][c], Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d at 1406).
THIS CONSTITUTES [*2]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023