■ In the Matter of JOEL D. HANIG, Appellant, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 3, 1990 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for certain documents under the Freedom of Information Law.

At issue on this appeal is whether the response given by an applicant for a New York license to the question on the application form which asks, "Do you have, or are you currently receiving treatment for, any disabilities?", is subject to disclosure under the Freedom of Information Law (Public Officers Law art 6). We agree with Supreme Court that respondents acted properly in redacting or masking this portion of the requested application form.

Public Officers Law § 87 (2) (b) permits an agency to deny access to records or portions thereof if disclosure would constitute an unwarranted invasion of personal privacy. Public Officers Law § 89 (2) (b) (i) provides that "[a]n unwarranted invasion of personal privacy includes, but shall not be limited to * * * disclosure of employment, medical or credit histories". Notwithstanding petitioner's argument to the contrary, we have no difficulty in concluding that an applicant's existing medical condition, particularly the presence or absence of a disability, constitutes a relevant and material part of the applicant's medical history, and we reject petitioner's claim that the statute applies only to complete and precise technical appraisals prepared by medically qualified personnel. The relevant inquiry is not, in our view, whether the information was compiled by medically qualified personnel or whether the information in and of itself constitutes a complete and precise technical appraisal of a person's medical past. Rather, the information constitutes medical history, the disclosure of which would be an unwarranted invasion of personal privacy pursuant to Public Officers Law § 89 (2) (b), if it is the type of information that one would reasonably expect to be included as a relevant and material part of a proper medical history. Since the information at issue here meets this standard, respondents had the discretionary authority to deny access to the information (Public Officers Law § 87 [2] [b]), and we see no abuse of discretion here.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.