■ In the Matter of ALAN NEWTON, Appellant, v DISTRICT ATTORNEY OF BRONX COUNTY, Respondent.—Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered May 25, 1990, which granted the petition to the limited extent of ordering an *in camera* inspection of the respondent's prosecutor worksheets be conducted to determine whether such worksheets are disclosable under article 6 of the Public Officers Law (Freedom of Information Law), and which granted respondent's cross-motion to dismiss the petition with respect to all other items demanded by petitioner, unanimously affirmed, without costs. Leave to appeal this intermediate order in a CPLR article 78 proceeding, *sua sponte,* granted.

Neither the hospital records of the witnesses against petitioner nor the Grand Jury testimony of the witnesses against him are disclosable material pursuant to the Freedom of Information Law. Access to the medical records in question would constitute "an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]; § 89 [2] [b]; *see, Matter of Hanig v State of N. Y. Dept. of Motor Vehicles,* 168 AD2d 884, *affd* 79 NY2d 106). Similarly, as Grand Jury testimony is "specifically exempted from disclosure by state * * * statute", it is non-disclosable pursuant to FOIL (Public Officers Law § 87 [2] [a]; CPL 190.25 [4]; *Matter of Thompson v Weinstein,* 150 AD2d 782, 783).

We have considered all other claims and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ross and Kassal, JJ.