Matter of Luongo v Records Access Officer (2018 NY Slip Op 03681)





Matter of Luongo v Records Access Officer


2018 NY Slip Op 03681


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-02102
 (Index No. 7617/15)

[*1]In the Matter of Justine Luongo, etc., petitioner- respondent, 
v
Records Access Officer, Civilian Complaint Review Board, appellant, et al., respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack, Aaron M. Bloom, and Richard Dearing of counsel), for appellant.
Cynthia Conti-Cook, New York, NY (Kramer Levin Naftalis & Frankel LLP [Jeffrey L. Braun and Anna K. Ostrom], of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the Records Access Officer, Civilian Complaint Review Board, appeals from a judgment of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered January 19, 2016. The judgment granted the petition.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.
In September 2014, the petitioner requested, under the Freedom of Information Law (see Public Officers Law art 6; hereinafter FOIL), that the Civilian Complaint Review Board (hereinafter the CCRB) disclose certain records relating to misconduct investigations, if any, regarding a certain police officer employed by the New York City Police Department (hereinafter the NYPD). The CCRB denied the request on the ground that the requested records were exempt from disclosure under Public Officers Law § 87(2)(a) and Civil Rights Law § 50-a(1). After the petitioner's administrative appeal was rejected, the petitioner commenced this proceeding pursuant CPLR article 78 seeking review of the CCRB's determination. The Supreme Court granted the petition, and the CCRB appeals.
In order to promote open government and public accountability, FOIL imposes a broad duty on government to make its records available to the public (see Public Officers Law § 84; Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 18 NY3d 652, 656-657; Matter of Gould v New York City Police Dept., 89 NY2d 267, 274; Matter of Cook v Nassau County Police Dept., 110 AD3d 718, 719). "All government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2)" (Matter of Gould v New York City Police Dept., 89 NY2d at 274-275). The "exemptions are to be narrowly interpreted so that the public is granted maximum access to the records of government" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462; see Matter of [*2]Gould v New York City Police Dept., 89 NY2d at 275). Moreover, disclosure is discretionary under FOIL. Even where the records are covered by an exemption: "such agency may deny access to records or portions thereof that . . . are specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87[2][a] [emphasis added]; see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 567).
In recognition that "blanket exemptions for particular types of documents are inimical to FOIL's policy of open government" (Matter of Gould v New York City Police Dept., 89 NY2d at 275), an agency claiming an exemption from disclosure has the burden of "demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566; see Public Officers Law § 89[4]). The standard of review in a CPLR article 78 proceeding challenging an agency's denial of a FOIL request is much more stringent than the lenient standard generally applicable to CPLR article 78 review of agency actions. A court is to presume that all records are open and it must construe the statutory exemptions narrowly (see Matter of Berger v New York City Dept. of Health & Mental Hygiene, 137 AD3d 904, 906; Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 158).
Public Officers Law § 87(2)(a) provides, among other exceptions, that an agency may deny access to records that "are specifically exempted from disclosure by state or federal statute." One such statute is Civil Rights Law § 50-a, which, as relevant here, provides: "All personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency or department . . . shall be considered confidential and not subject to inspection or review . . . except as may be mandated by lawful court order" (Civil Rights Law § 50-a[1]). As the Court of Appeals has acknowledged, the Legislature's purpose in enacting Civil Rights Law § 50-a(1) was "to limit access to said personnel records by criminal defense counsel, who used the contents of the records, including unsubstantiated and irrelevant complaints against officers, to embarrass officers during cross-examination" (Carpenter v City of Plattsburgh, 105 AD2d 295, 298, citing Senate Introducer's Mem in Support and Mem of Division of Criminal Justice Services, Bill Jacket, L 1976, ch 413, affd for reasons stated below 66 NY2d 791; see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs., 73 NY2d 26, 31; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566).
We agree with the Appellate Division, First Department, that records of the CCRB relating to complaints and proceedings against police officers are exempt from disclosure under Civil Rights Law § 50-a(1) (see Matter of Luongo v Records Access Officer, Civilian Complaint Review Bd., 150 AD3d 13, 20-23). The records that the petitioner requested are "personnel records used to evaluate performance toward continued employment or promotion." Given the clear intent of the Legislature, the text of the statute, and charter provisions and rules relating to the CCRB, such records are properly deemed to be "under the control of" the NYPD (Civil Rights Law § 50-a[1]; see Matter of Luongo v Records Access Officer, Civilian Complaint Review Bd., 150 AD3d at 19-23).
Further, inasmuch as the information was sought to provide impeachment material of the officer whose records were requested, the CCRB met its burden of establishing a "substantial and realistic potential of the requested material for the abusive use against the officer" (Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 159).
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court