Matter of Majuc v New York County Dist. Attorney's Off. (2023 NY Slip Op 01590)

Matter of Majuc v New York County Dist. Attorney's Off.

2023 NY Slip Op 01590

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Renwick, A.P.J., Friedman, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 160988/17 Appeal No. 17576-17576A Case No. 2021-04203 

[*1]In the Matter of Johnmark Majuc, Petitioner-Respondent,
v
New York County District Attorney's Office et al., Respondents-Appellants.

Alvin L. Bragg, Jr., District Attorney, New York (Madeleine Guilmain of counsel), for appellants.
Hecht Partners LLP, New York (Theodor D.E. Bruening of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (John Kelley, J.), entered on or about October 13, 2021, granting petitioner's motion to confirm a report of the Hon. Alan C. Marin, Ref., which denied respondents' cross motion to disaffirm and seal the report, and granting the petition to the extent of annulling respondents' August 17, 2017 Freedom of Information Law (FOIL) determination to the extent that it denied petitioner access to specific documents identified by the Referee, and bringing up for review an amended order, same court and Justice, entered December 24, 2019, which ordered that the parties appear before the Referee who would review certain documents in camera to determine whether they should be disclosed, and an order, same court and Justice, entered March 3, 2020, denying respondents' motion for leave to reargue and for leave to appeal the prior order to this Court, unanimously dismissed, as moot, without costs, the judgment and orders vacated, and the report ordered sealed.
As petitioner no longer seeks to enforce the judgment and obtain the documents requested from respondents, this appeal has been rendered moot, and respondents failed to establish an exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
While the general rule in New York is simply to dismiss an appeal that has been rendered moot, vacatur of an order or judgment may be an appropriate exercise of discretion when necessary to prevent a judgment or order which is unreviewable for mootness from spawning any legal consequences or precedent (Hearst at 718; E-Z Eating 41 Corp. v H.E. Newport L.L.C., 84 AD3d 401, 401-402 [1st Dept 2011]; Funderburke v New York State Dept. of Civ. Serv., 49 AD3d 809, 811-812 [2d Dept 2008] [Supreme Court's orders could be used as precedent in future cases, causing confusion of the legal issues raised]). We find that the circumstances presented in this case warrant the exercise of this Court's discretion (see CPL 190.25(4); Matter of Aiani v Donovan, 98 AD3d 972, 973-974 [2d Dept 2012]; Matter of Newton v District Attorney of Bronx County, 186 AD2d 57, 57 [1st Dept 1992]), and we therefore vacate the orders and judgment and find that the Referee's report should be sealed (see 22 NYCRR § 216.1[a]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023